No. 87–6926.  JOHNSON v. ILLINOIS.  Sup. Ct. Ill.  Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 231–241 (1976) (MARSHALL, J., dissenting), I would grant the petition for certiorari.  But even if I did not hold this view, I would grant the petition to decide whether the Illinois capital sentencing scheme, under which petitioner was sentenced to death, is constitutionally invalid.

The Illinois Death Penalty Act provides that once a sentencer finds that a statutorily defined aggravating factor exists, the sentencer proceeds to consider the range of statutory and mitigating factors.  "If the Court determines that there are no mitigating factors sufficient to preclude the imposition of the death sentence, the Court shall sentence the defendant to death."  Ill. Rev.

Stat., ch 38, ¶9–1(h) (1987). As I have stated on previous occasions, this language appears to place on the defendant the burden of proving that the death penalty is not appropriate in his particular case. See *Gacy* v. *Illinois*, 470 U. S. 1037, 1038 (1985); *Jones* v. *Illinois*, 464 U. S. 920, 920–921 (1983). Because I continue to believe that our precedents preclude the imposition of this burden on a capital defendant, I dissent.