Docket No. 85053–Agenda 2–March 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MILTON JOHNSON, Appellant.

Opinion filed August 10, 2000.

JUSTICE RATHJE delivered the opinion of the court:

Following a jury trial in the circuit court of Will County, defendant, Milton Johnson, was convicted of four counts of murder and four counts of felony murder (Ill. Rev. Stat. 1983, ch. 38, pars. 9–1(a)(1), (a)(3)). The trial court found that defendant was eligible for the death penalty and that there were no mitigating factors sufficient to preclude a death sentence. Accordingly, the trial court sentenced defendant to death.

On direct review, we affirmed defendant’s conviction and sentence. 
People v. Johnson
, 119 Ill. 2d 119 (1987) (
Johnson I
). The United States Supreme Court denied defendant’s petition for a writ of 
certiorari
. 
Johnson v. Illinois
, 486 U.S. 1047, 100 L. Ed. 2d 629, 108 S. Ct. 2027 (1988). Defendant filed a first-amended petition for post-conviction relief, which the State moved to dismiss without an evidentiary hearing. The court granted the State’s motion to dismiss, and this appeal followed. Because the judgment challenged in defendant’s petition imposed a sentence of death, the appeal was taken directly to this court. 134 Ill. 2d R. 651(a).

On appeal, defendant is represented by the Capital Litigation Division of the office of the State Appellate Defender. Defendant’s brief was written by a panel attorney for the Capital Litigation Division, L.C. Redmond, Jr. Additionally, the names of two staff attorneys for the Capital Litigation Division–John C. Greenlees and Terri L. Marroquin–appear on defendant’s brief.

The State moved to strike defendant’s original brief because it did not comply with the supreme court rules. The State identified three problems with the brief. First, the statement of facts was inadequate and did not comply with Supreme Court Rule 341(e)(6) (177 Ill. 2d R. 341(e)(6) (made applicable to criminal cases by Supreme Court Rule 612(i) (177 Ill. 2d R. 612(i)))). Second, defendant failed to comply with Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7) (made applicable to criminal cases by Supreme Court Rule 612(i) (177 Ill. 2d R. 612(i)))), by inadequately citing to the record. Major portions of the brief contained no citations to the record despite specific references to trial court proceedings or to specific documents. Third, the brief was filed with the wrong case number. This court granted the State’s motion to strike and gave defendant leave to file a corrected brief.

On June 7, 1999, defendant filed a new brief and corrected some of the problems. The incorrect case number was crossed out, and the correct number was written above it. Additionally, the statement of facts was expanded. However, the statement of facts was merely a recitation of evidence from the original trial and did not include any information about the post-conviction proceedings, except to mention that the court dismissed defendant’s petition without an evidentiary hearing. The statement of facts does not mention what the allegations of the post-conviction petition are or what evidence the post-conviction investigation uncovered. The problems with inadequate record citations in the first brief were not corrected in the subsequent brief.

At the beginning of defendant’s statement of facts, he states that he will use the abbreviation “P.C.” when he cites the common law post-conviction record and “P.R.” when he cites the post-conviction report of proceedings. These abbreviations never appear again, as defendant fails to cite the post-conviction record when referring to the post-conviction proceedings. The only citations in defendant’s brief are sporadic ones to the original trial record, which he failed to make part of the record on appeal. Additionally, the appendix to defendant’s brief, which must contain a “complete table of contents, with page references, of the record on appeal” (155 Ill. 2d R. 342(a)), contains a table of contents of the original trial record rather than of the post-conviction record.

Throughout the argument section of defendant’s brief, he repeatedly refers to facts, events, documents, and statements of the parties or the trial court, with no corresponding record citations. At times, defendant even quotes from the record without providing citations.

Rule 341(e)(7) provides in relevant part that the appellant’s brief shall include:

“Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal or abstract, if any, where evidence may be found.” 177 Ill. 2d R. 341(e)(7).

Defendant makes virtually no attempt to comply with this rule. Almost every page of defendant’s brief contains references to the record with no supporting citations.

 An additional significant problem with defendant’s brief is the lack of legal citations supporting his arguments. At the beginning of his brief, defendant presents many citations. However, over the course of the brief, the frequency of the citations steadily deteriorates. Indeed, by the time he reaches his ineffective assistance of appellate counsel argument, defendant does not even cite the standard by which such claims are measured and does not attempt to apply that standard to his claims. When asked at oral argument about this deficiency, Redmond responded that he was under a page constraint and wanted to focus on his most important arguments. We note that defendant’s brief was 20 pages under the 75-page limit and that the only way in which most of his arguments could be considered would be if they were argued as ineffective assistance of appellate counsel claims.

Generally, the consequences for failure to comply with Rule 341(e)(7) are that the issues will be deemed waived.
 People v. Lantz
, 186 Ill. 2d 243, 261-62 (1999). More specifically, the appellate court has held that the failure to include record citations when the argument requires an examination of the record results in waiver of the issue on appeal. 
People v. Loera
, 250 Ill. App. 3d 31, 54 (1993); see also 
People v. Isbell
, 177 Ill. App. 3d 854, 864 (1988). When the appellate court is faced with briefs that fail to comply with Rule 341(e)(6) or 341(e)(7), but the record is short and the issues are simple, the court ordinarily will admonish the attorney but address the issues anyway. See, 
e.g
., 
First National Bank v. Loffelmacher
, 236 Ill. App. 3d 690, 691-92 (1992); 
Ryan v. Katz
, 234 Ill. App. 3d 536, 537 (1992). In these cases, the courts chose to reach the merits only because of the simplicity of record and the issues.

Here, defendant has not presented the issues in such a way that they can be considered without this court doing much of defendant’s work for him. Time after time, defendant refers to matters in the record without providing supporting record citations. The post-conviction record is over 4,500 pages long, and the direct appeal record, of which we take judicial notice, is over 3,500 pages long. Every time defendant refers to the record, he leaves to this court the task of combing through these 8,000-plus pages to find the material to which he refers. That is not the job of a reviewing court. Not only is the record lengthy, the issues arise from the dismissal of a capital post-conviction petition and are not simple.

Although we are loathe to delay further the proceedings in this cause, rather than hold that the issues are waived, we retain jurisdiction over the case and order that it be rebriefed. Supreme Court Rule 651 (134 Ill. 2d R. 651) governs appeals in post-conviction proceedings. Pursuant to Supreme Court Rule 651(a), defendant has an appeal to this court as a matter of right. Further, Supreme Court Rule 651(c) provides for the appointment of counsel on appeal to indigent defendants. Rule 651 guarantees defendant a reasonable level of assistance of counsel. See 
People v. Turner
, 187 Ill. 2d 406, 410 (1999);
 People v. Flores
, 153 Ill. 2d 264, 276 (1992). An attorney who files a brief that is so fundamentally deficient that it precludes review by the supreme court has not provided a reasonable level of assistance.

Because defendant has not received the reasonable level of assistance required by Rule 651, we order this case to be rebriefed. The Capital Litigation Division of the office of the State Appellate Defender is ordered to assign the case to a staff attorney in its office. The case may not be contracted to outside counsel. The appellant’s brief is due 35 days from the date that any petition for rehearing in this cause is disposed of or, if no petition for rehearing is filed, within 35 days of the expiration of the time period for filing such a petition. Further briefing will be in accordance with the supreme court rules.

Rebriefing ordered;

 jurisdiction retained.

JUSTICE FREEMAN, concurring in part and dissenting in part:

The court correctly holds that the brief filed by defendant in this case violates Supreme Court Rule 341 and, as such, does not constitute the reasonable level assistance of counsel required by Rule 651. Slip op. at 3-4. I, therefore, concur in that part of today’s opinion that orders the matter be rebriefed. As noted in the court’s opinion, the consequences for failing to comply with Rule 341 can vary. Slip op. at 3. Our conclusion that this matter must be rebriefed evinces our concern that defendant’s right to appeal be protected and that his arguments be presented thoroughly and adequately in accordance with our rules. See Ill. Ann. Stat., ch. 110A, par. 341, Historical & Practice Notes, at 478 (Smith-Hurd 1985) (noting that what action a court of review will take when a party is in noncompliance with the appellate rules “is a matter entirely in its discretion, a discretion usually exercised by reference to the effect of the case on the public and on the parties” and collecting cases). Moreover, the court’s decision to preclude defendant’s attorneys of record from further participation in this case is justified in light of the fact that these attorneys have been given two chances to submit briefs that conformed to our rules, but have failed to do so. See Ill. Ann. Stat., ch. 110A, par. 341, Historical & Practice Notes, at 478 (Smith-Hurd 1985) (stating that when there is noncompliance with the appellate rules, the court of review “does not necessarily have to visit the consequences *** on the litigant”).

Notwithstanding my concurrence in the decision to rebrief this case, I part ways with the court with respect to the following directions imposed during the rebriefing period:

“The Capital Litigation Division of the office of the State Appellate Defender is ordered to assign the case to a staff attorney in its office. The case may not be contracted to outside counsel. The appellant’s brief is due 35 days from the date that any petition for rehearing in this cause is disposed of or, if no petition for rehearing is filed, within 35 days of the expiration of the time period for filing such a petition.” Slip op. at 4.

In my opinion, it is unwise for this court to limit reassignment of this case to only “staff attorneys” without first ensuring that this action will not cause more problems than it attempts to cure. Unfortunately, we, as a court, have not done this. The members of this court, for example, have no knowledge of, nor have they sought to ascertain, the number of “staff attorneys” currently employed in the Office of the State Appellate Defender (hereinafter OSAD) or the status of their workloads. Further, the members of this court have no knowledge of, nor have they sought to assess, the OSAD’s legitimate need for utilizing “outside counsel” in light of its present workload. Thus, precluding the case from being reassigned to anyone but a staff attorney has the potential to create an unmanageable burden for the OSAD, an agency that has long suffered from understaffing and underfunding. See, 
e.g.
, Annual Report of the Illinois Courts, Administrative Summary–1995, 
1995 Annual Report to the Eighty-Ninth Illinois General Assembly
, at 2-3; Annual Report of the Illinois Courts, Administrative Summary–1996, 
1996 Annual Report to Ninetieth Illinois General Assembly
, at 2; Annual Report of the Illinois Courts, Administrative Summary–1993, 
1993 Annual Report of the Supreme Court to the Eighty-Eighth General Assembly
, at 29-30 (all noting that budget cuts and staff reductions in the OSAD have caused inordinate delay in processing capital appeals). More important, such a burden can be harmful to defendant–if defendant’s new attorney is to be a staff attorney, as the court today orders, that attorney will assuredly have other capital cases for which he or she is also responsible. I, therefore, am hesitant to forbid this matter from being contracted to outside counsel without facts that would indicate that such a course of action would inure to the defendant’s benefit and not to his detriment. For these reasons, I believe that the better approach to this situation is for this court to leave the decision as to whom this appeal should be reassigned to the discretion of the State Appellate Defender, who, as head of the state agency involved (see 725 ILCS 105/3, 10 (West 1992)), is in the best position to make the appropriate reassignment.

In addition, unlike my colleagues, I do not feel that the 35-day rebriefing period ordered by the court constitutes a reasonable amount of time in which to expect the new attorney to complete an appellant’s brief in this case. Presumably, the new staff attorney will enter the case without any working knowledge of it or of the issues it presents. The justices in the majority today point to the length of the record in this appeal–the “post-conviction record is over 4,500 pages long” and the “direct appeal record *** is over 3,500 pages long”–and state that the issues raised “are not simple.” Slip op. at 4. Elsewhere my colleagues refer to “the task of combing through these 8,000-plus pages.” Slip op. at 4. I do not believe that we can expect new appellate counsel to familiarize himself or herself with this same 8,000-plus page record, identify the colorable issues for appeal, and write an adequate brief in a 35-day time span.
(footnote: 1) Given the lengthy record in this matter in addition to the fact that the issues “are not simple,” I must disagree with the court’s decision to allow the new attorney only 35 days to submit a new brief. 

In light of the above, I believe the court’s directions in this matter are ill-advised. I, therefore, dissent from that portion of the court’s opinion. I would order, instead, that the State Appellate Defender reassign the case in the manner he deems appropriate and in the best interests of defendant. I would further order that the appellant’s brief be due 90 days from the date that that this court’s decision becomes final.

FOOTNOTES
1:     
1
New counsel will actually have less than 35 days to prepare the brief because of the time it takes to process the record in this case from our clerk’s office in Springfield to the Capital Litigation Division of the OSAD.