IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2006 Session

## PAUL DENNIS REID, JR. v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 97-C-1834     Cheryl Blackburn, Judge**

_____

**No. M2005-00260-SC-S09-PC - Filed on June 26, 2006**

_____


ADOLPHO A. BIRCH, JR., J., concurring in part and dissenting in part.

I concur in the majority's holding that the procedural questions presented by this appeal meet the criteria for interlocutory review under Rule 9 of the Tennessee Rules of Appellate Procedure. The standard and procedure for determining competency to proceed in a post-conviction action is one of first impression. Because this is an issue certain to recur, granting this interlocutory appeal will fulfill the need to develop a uniform body of law in this area. Furthermore, capital cases tend to be, by their very nature, factually, legally and procedurally complex. This case should not proceed without certainty as to the standard for competency. Also, the protocol should be established should competency be demonstrated. Without these determinations being made in advance much time and many resources will be wasted. Accordingly, interlocutory review is appropriate to prevent needless, expensive, and protracted litigation.

I also concur with the Court's holdings that (1) before a competency hearing is warranted, a petitioner must make a prima facie showing of incompetence, not just mental illness, (2) once this threshold is established, the burden of proof for showing incompetence should fall on the petitioner, and (3) the burden of proof must rise to the level of "clear and convincing" evidence, as we decided in State v. Nix, 40 S.W.3d 459 (Tenn. 2001).

As to the standard adopted by the Court for determining competency, and the order of the proceedings once a determination of incompetency is made, however, I respectfully dissent.

The majority holds that a petitioner is incompetent to pursue post-conviction proceedings "only if he is unable either to manage his personal affairs or to understand his legal rights and

1

liabilities." This is the same standard applied by the Court in Nix. The issue in Nix was whether the civil standard of competency was sufficient for purposes of tolling the post-conviction statute of limitations. I agreed that this standard was sufficient in that circumstance.

The standard adopted in Nix is not sufficient, in my view, when the question is whether a petitioner is competent to prosecute a timely filed petition to its conclusion. Rather, in these circumstances, courts should apply a standard of competency that also considers whether the petitioner has the ability to consult with counsel with a reasonable degree of rational understanding. As I noted in Van Tran v. State, 6 S.W.3d 257, 274-77 (Tenn. 1999), Birch, J., concurring in part and dissenting in part,[1] I believe that—in capital case proceedings particularly—principles of due process and reasonable standards of public decency and propriety require that standards for determining competency include a petitioner's ability to assist counsel.

Although I recognize that the right to seek post-conviction relief–and the accompanying right to representation by counsel during post-conviction proceedings—is statutory, not constitutional, post-conviction proceedings accord relief where a conviction has been obtained through the abridgment of an underlying state or federal constitutional right.[2] This Court has recognized that, the Legislature having seen fit to accord a post-conviction procedure, due process requires it should be administered in such a way as to allow presentation of claims at a meaningful time and in a meaningful manner. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). If the petitioner is not able to consult with counsel with a reasonable degree of rational understanding, I fail to see how a determination can be made on whether that petitioner "understands his legal rights and liabilities." It seems to me that the two concepts are inextricably intertwined. To suggest that the inability of a post-conviction petitioner to consult with counsel does not impact the "meaningful manner" in which the post-conviction hearing is conducted is unreasonable.

Furthermore, by providing a right to post-conviction relief for abridgment of state or federal constitutional rights,[3] and the right to counsel in such proceedings,[4] the Legislature has recognized the important role that the post-conviction process plays in promoting fairness in the criminal justice system. I believe the ability to rationally consult with counsel is an essential part of that process. See Rohan v. Woodford, 334 F.3d 803, 807-13 (9th Cir. 2003), cert. denied 124 S.Ct. 809 (defining competency as including the ability to communicate rationally with counsel); Carter v. State, 706 So.2d 873, 875 (Fla. 1997) (defining competency to include the ability to competently consult with counsel); People v. Owens, 564 N.E.2d 1184, 1188 (Ill. 1990) (defining competency as including

---

[1] The issue in Van Tran concerned the standard for determining competency to be executed.

[2] See Tenn. Code Ann. § 40-30-103 (2003).

[3] Tenn. Code Ann. §§ 40-30-101 (2003) et seq.

[4] Tenn. Code Ann. 40-30-107 (b)(1) (2003).

2

the ability to communicate in a rational manner with counsel);[5] State v. Debra A.E., 523 N.W.2d 727, 732 (Wis. 1994) (defining competency as the ability to assist counsel or to make decisions committed by law to the defendant with a reasonable degree of rational understanding).[6] Accordingly, I would adopt a standard of competency that requires consideration of a petitioner's ability to rationally consult with counsel.

Additionally, where a petitioner is shown to be incompetent, I would stay the post-conviction proceedings. Unlike the majority, I am not convinced that the petitioner's due process right to present claims in a meaningful manner will be protected by the appointment of a "next friend" to pursue the action.

In Tennessee, convicted petitioners are limited to one opportunity to pursue state collateral review.[7] Thus, a petitioner should be afforded the opportunity to litigate all claims fully and thoroughly. Any impediment to a thorough post-conviction review—specifically for a petitioner who is legally incompetent—undermines the integrity of the review process. A petitioner's incompetency could obscure valid claims of which a "next friend" is unaware. The incompetent petitioner's inability to convey relevant information, at the very least, inhibits the petitioner's effective participation in the evidentiary hearing involving the claims that are known. If a petitioner (or, in the case of an incompetent petitioner, the "next friend") fails to raise a particular issue in the first post-conviction claim because he or she is unaware of the issue, or fails to support a legal claim with a crucial fact due to incompetency, any later attempt to raise the issue will likely be foreclosed. See Tenn. Code Ann. § 40-30-106 (f) (providing for dismissal of post-conviction claims where the claims could have been—but were not—raised in a prior proceeding, or where the claims have been "previously determined"). Furthermore, the grounds for re-opening a previously filed post-conviction petition are very narrow. Reopening a post-conviction petition is permissible only under the limited circumstances set out in Tennessee Code Annotated section 40-30-117. Significantly, the incompetence of a petitioner during a prior post-conviction proceeding is *not* a basis for re-

---

[5]I recognize that Owens may be distinguishable on the basis that Illinois recognizes the right to *effective* assistance of post-conviction counsel. People v. Johnson, 735 N.E.2d 577, 580 (Ill. 2000) (post-conviction counsel must provide at least "a reasonable level of assistance."). Thus far, this Court has declined to demand even this low standard from post-conviction counsel. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) (declining to recognize a constitutional or statutory right to effective assistance of counsel in post-conviction proceedings). Since House was decided, however, the Court has seen fit to adopt a rule specifically requiring counsel "to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims[,]" and to formally certify such action to the trial court. Tenn. Sup. Ct. R. 28, § 6(C)(2) & (3). Implicit in these requirements is an assumption that there will be meaningful communication between counsel and the petitioner.

[6]See generally Richard. J. Bonnie, Mentally Ill Prisoners on Death Row: Unsolved Puzzles for Courts and Legislatures, 54 Cath. U. L. Rev. 1169 (2005) (defining competency to include an ability to assist counsel in the post-conviction proceedings).

[7]Tenn. Code Ann. § 40-30-102 (c) (2003).

3

opening.[8]  Thus, proceeding on a post-conviction petition with a "next friend" presents a very great risk that an incompetent petitioner may forever lose his or her ability to raise a potentially valid claim.  I feel this risk is too high, particularly in capital cases where the loss of a valid claim has irrevocable consequences.  Thus, I would stay the proceeding.

In my view, a stay of the proceeding is preferable to the bifurcated approach adopted by the trial court of proceeding on purely legal claims and factual claims that do not require the petitioner's input, while holding in abeyance factual claims that require the petitioner's input.  Despite its adoption in several states, this bifurcated approach also ignores the reality that an incompetent petitioner—by virtue of his or her inability to manage his or her personal affairs, understand his or her legal rights and liabilities, or rationally consult with counsel—risks forever losing the right to raise potentially valid claims through no fault of his or her own.[9]  Accordingly, I believe the only principled way to insure that an incompetent petitioner's claims are preserved is to stay the proceedings until competency is restored or the sentence is served.[10]

<u>CONCLUSION</u>

To summarize, I concur in the majority's conclusion that interlocutory review is appropriate.  I also concur in the majority's holding that requires a prima facie showing of incompetence, that the burden of proof for showing incompetence falls on the petitioner, and that burden of proof is to show incompetence by "clear and convincing" evidence.  I dissent from the majority's adoption of a standard that does not require consideration of whether a petitioner is able to rationally consult with counsel and that does not stay the proceedings upon a finding of incompetence.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[8]The majority recognizes this limitation, but fails to suggest a solution to the dilemma in which this places a formerly incompetent petitioner who has failed to raise or factually support a previously-raised issue.

[9]In the capital post-conviction context, the State's interests are no more prejudiced by a stay of all claims than by a stay of some, since execution cannot proceed until all claims are resolved.

[10]In the case of a capital case petitioner, such a stay would clearly preclude execution until competency is restored.

4