IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2, 2006 Session

**PAUL DENNIS REID, JR. v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 97-C-1834      Cheryl Blackburn, Judge**

---

**No. M2005-00260-SC-S09-PC - Filed on June 26, 2006**

---

We granted interlocutory review in this post-conviction capital case to clarify the procedure for determining competency to proceed in a post-conviction action. For the reasons explained herein, we hold that the civil standard for mental incompetence adopted in State v. Nix, 40 S.W.3d 459 (Tenn. 2001), applies to a competency determination during post-conviction proceedings. To trigger a hearing on competency, a petitioner must make a prima facie showing of incompetence by submission of affidavits, depositions, medical reports, or other credible evidence. A petitioner bears the burden of proving that he or she is incompetent by clear and convincing evidence. A finding of incompetence requires neither a stay of the post-conviction proceedings nor abeyance of individual issues. A trial court should appoint, if necessary, a "next friend" or guardian ad litem to pursue the action on behalf of the petitioner. Accordingly, the decision of the trial court is affirmed as modified, and the case is remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9(c); Judgment of the Trial Court Affirmed as Modified;**
**Remanded to the Trial Court**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, and JANICE M. HOLDER, JJ., joined. ADOLPHO A. BIRCH, JR., J., filed a concurring/dissenting opinion.

Michael J. Passino, Nashville, Tennessee; and Kelly A. Gleason and Nicholas D. Hare, Assistant Post-Conviction Defenders, Nashville, Tennessee, for Appellant, Paul Dennis Reid, Jr.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Jennifer L. Smith, Associate Deputy Attorney General; Victor S. Johnson, III, District Attorney General; Tom Thurman, Deputy District Attorney General; and Roger Moore, Assistant District Attorney General, for Appellee, State of Tennessee.

Joseph D. Tydings, Washington D.C., and F. Clay Bailey, Nashville, TN, for Amicus Curiae, Counsel for the National Alliance on Mental Illness.

**OPINION**

**BACKGROUND**

In this case, the petitioner, Paul Dennis Reid, Jr., was convicted of the first degree murders of two employees of a Captain D's restaurant in Donelson. The jury sentenced Reid to death for each of the two murders. Reid also was convicted of especially aggravated robbery for which he received a sentence of twenty-five years to be served consecutively to the two death sentences. This Court affirmed the convictions and sentences. State v. Reid, 91 S.W.3d 247 (Tenn. 2002), cert. denied, 540 U.S. 828 (2003). Reid subsequently was convicted of the first degree murders of two employees of a Baskin-Robbins ice cream store in Clarksville and three employees of a McDonald's restaurant in Nashville. Reid received five additional death sentences for these murders. We affirmed the convictions and sentences in the Baskin-Robbins case. State v. Reid, 164 S.W.3d 286 (Tenn. 2005). The Court of Criminal Appeals affirmed the convictions and sentences in the McDonald's case, State v. Paul Dennis Reid, Jr., No. M2003-00539-CCA-R3-DD, 2005 WL 1315689 (Tenn. Crim. App. June 3, 2005), and the direct appeal is currently pending before this Court on automatic review under Tennessee Code Annotated section 39-13-206. In the Baskin-Robbins case, we recently held that the trial court lacked authority to consider a petition for post-conviction relief filed by the Post-Conviction Defender on behalf of Reid where the petition was not signed or verified by Reid and where the Defender failed to establish a "next friend" basis upon which to proceed. Daryl Keith Holton v. State and Paul Dennis Reid, Jr. v. State, Nos. M2005-01870-SC-S10-PD, M2005-02398-SC-S10-PD, ___ S.W.3d ___, 2003 WL 24314330 (Tenn. May 4, 2006).

Reid did not raise the issue of competency during the trial in this case. He subsequently argued that he was incompetent to stand trial in the other two cases. Following competency hearings before each of the other two trials, Reid was found competent to stand trial. These rulings were affirmed on appeal. Reid, 164 S.W.3d at 308; Reid, No. M2003-00539-CCA-R3-DD, 2005 WL 1315689. While the other two appeals were pending, the Court set an execution date of April 29, 2003, in this case. Reid, 91 S.W.3d at 288. Reid's counsel filed a motion asking this Court to stay the execution to give Reid a full year in which to decide whether to file a post-conviction petition.[1] Counsel expressed concern about Reid's competence to decide to forego post-conviction review. In an order filed on April 22, 2003, this Court denied the request for a stay, observing that Reid was found competent to stand trial in both of the other two cases after lengthy evidentiary hearings and that Reid's counsel had failed to present any truly new factual assertions calling into doubt Reid's

---

[1] The Court denied Reid's Petition for Rehearing on direct appeal on December 19, 2002. Under Tennessee Code Annotated section 40-30-102(a) (2003), the one-year statute of limitations for post-conviction actions begins on the "date of the final action of the highest state appellate court to which an appeal is taken."

present capacity to understand his legal position and options or to make a rational choice among these options.

On April 28, 2003, just hours before his scheduled execution, Reid filed a pro se post-conviction petition seeking relief from the convictions and sentences in this case. The trial court stayed Reid's execution and appointed the Post-Conviction Defender to represent Reid. On November 30, 2004, Reid's counsel filed an amended post-conviction petition. The amendment was not verified by Reid but included the following statement of counsel: "Counsel have not requested that Petitioner sign this Amended Petition as required by Tenn. Code Ann. § 40-30-104(d) and Tenn. Sup. Ct. R. 28 § 5(E)(2) due to Counsel's firmly held opinion that Petitioner is currently incompetent." Counsel also filed a motion asking the trial court to declare Reid incompetent and to stay the post-conviction proceedings.

On January 10, 2005, the trial court entered an order setting forth a procedure for determining competency to proceed at the post-conviction level. In the order, the trial court adopted the Nix standard for mental incompetence. The order required that Reid's counsel (1) must establish a prima facie case of incompetency by attaching to an amended petition affidavits, depositions, medical reports, or other credible evidence that contains specific factual allegations demonstrating that Reid meets the Nix standard; (2) must set out those issues that are purely legal in nature and separately enumerate those factual issues that require Reid's input or assistance; and (3) must explain why Reid's assistance is necessary on the factual issues and why the necessary information is not available from other sources. The trial court followed Nix by deciding that Reid would bear the burden of proving incompetence by clear and convincing evidence. Finally, the order provided that if Reid was found to be incompetent, the trial court would proceed on those claims that can be resolved without his assistance and hold in abeyance those factually based claims requiring his input until he regains competency.

Reid filed an application for an extraordinary appeal under Rule 10 of the Tennessee Rules of Appellate Procedure challenging the procedure. Both the Court of Criminal Appeals and this Court denied the appeal. On January 17, 2005, counsel for the parties appeared before the trial court for a previously scheduled evidentiary hearing on the post-conviction petition. When the hearing began, Reid's counsel filed both a motion to continue the matter and, in accordance with the procedure adopted by the trial court, a second amended petition. Reid's counsel also submitted to the court an affidavit from Dr. Pamela Auble, a neuropsychologist, stating that Reid was incompetent to proceed. The State argued that Reid had not made a threshold showing of mental incompetence.

Without making any findings as to Reid's present competency, the trial court granted Reid an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure from the trial court's order establishing the procedure for determining competency to proceed on post-conviction. The Court of Criminal Appeals denied interlocutory review. We then granted permission to appeal.

## STANDARD OF REVIEW

This appeal presents the following issues of law: (1) what is the proper standard for competency to proceed in a post-conviction action; (2) what threshold showing must be made to trigger a hearing on competency; (3) who bears the burden of proof; and (4) how does a finding of incompetence affect the proceedings. We review issues of law under a de novo standard without according any presumption of correctness to the lower court's conclusions. See State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001).

## ANALYSIS

## I. Interlocutory Appeal

As a preliminary matter, the State argues that the procedural questions presented in this appeal do not meet the criteria for interlocutory review under Rule 9 of the Tennessee Rules of Appellate Procedure. Rule 9 lists three non-exclusive factors for determining whether an interlocutory appeal should be granted:

> (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a).

Noting that the issue of competency to proceed on post-conviction is an issue of first impression in Tennessee, the trial court found that the mere possibility that its procedure could be altered on appeal warranted immediate review of the procedure before its requirements were imposed. The trial court gave the second criterion – the prevention of needless, expensive, and protracted litigation – the greatest weight. The trial court stated:

> Capital case post-conviction proceedings are lengthy by their very nature. The preparation for presentation of the petition and the eventual evidentiary hearing often result in a significant investment

4

of time on behalf of petitioner, the State and the trial court. In issues of first impression such as this competency procedure, implementation of a procedure not yet validated by our Supreme Court could be an exercise in futility. If the Court finds that the procedure as a whole or any subpart is unwarranted or should be amended, the post-conviction proceedings were for naught.

Finally, the trial court found that interlocutory review was necessary to establish a uniform body of law, noting again that the competency procedure is an issue of first impression.

Interlocutory appeals to review pretrial orders or rulings are generally "disfavored," especially in criminal cases. State v. Gilley, 173 S.W.3d 1, 5 (Tenn. 2005). In Gilley, we held that the trial court and the Court of Criminal Appeals erred in granting interlocutory review of the trial court's evidentiary rulings under Rule 404(b) of the Tennessee Rules of Evidence. Id. at 6. In contrast, we recently approved of granting the defendant an interlocutory appeal in a criminal case where there was a need to establish a uniform body of law. See State v. Delawrence Williams, No. W2004-01682-SC-R11-CD, ____ S.W.3d ____, 2006 WL 1408411 (Tenn. May 23, 2006) (suppression issue involving whether defendant's estranged girlfriend was considered "citizen informant" for purposes of information provided for search warrant).

Interlocutory review may be especially appropriate where, as here, issues arise in a capital case for which no procedure is otherwise specifically prescribed. In State v. Reid, 981 S.W.2d 166 (Tenn. 1998), we granted interlocutory review to consider procedures adopted by the trial court with regard to notice, examination, and disclosure requirements where a capital defendant intends to introduce expert testimony relating to mental condition as mitigation proof during the sentencing phase of the trial. The circumstances of this appeal are similar to the earlier interlocutory appeal in Reid. In both instances, the trial court exercised its inherent authority to adopt appropriate rules of procedure to address an issue of first impression. See id. at 170. On the issue of post-conviction competency, there is a need to develop a uniform body of law and a need to prevent needless, expensive, and protracted litigation. We therefore conclude that an interlocutory appeal is proper to clarify the standard and procedure for determining competency to proceed in a post-conviction action.

## II. Standard for Competency

Competency to proceed in a post-conviction action is an issue of first impression before this Court. To determine the proper standard for competency, we must first examine the nature of the right. It is well established that a defendant has a constitutional right to competency during the trial itself. See Reid, 164 S.W.3d at 306 (holding that to be competent to stand trial a defendant in a criminal case must have the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense). The conviction of a person who is mentally incompetent violates the basic concepts of due process under the Fourteenth Amendment to the United States Constitution and article I, section 8 of the Tennessee Constitution. Id. At the

other end of the spectrum of the criminal process, a prisoner has a constitutional right to competency to be executed. See Van Tran v. State, 6 S.W.3d 257, 266 (Tenn. 1999) (holding that a prisoner is not competent to be executed if he lacks the mental capacity to understand the fact of the impending execution and the reason for it).[2] This right is grounded in the Eighth Amendment's ban on cruel and unusual punishment rather than the Due Process Clause. Id. at 263-64.

These constitutional requirements of competency do not imply a coordinate right on collateral review. We have repeatedly recognized that post-conviction procedures are not constitutionally required. Pike v. State, 164 S.W.3d 257, 262 (Tenn. 2005). Many of the rights applicable to trial no longer attach. For example, there is no constitutional right to counsel in post-conviction proceedings, even in capital cases. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995).[3]

In Tennessee, the Post-Conviction Procedure Act[4] is a statutory remedy, and the nature and availability of post-conviction relief lies within the discretion of the legislature. Pike, 164 S.W.3d at 262. Neither the Act nor the rules applicable to it address the issue of competency. The Act provides for the appointment of counsel where a petitioner is not represented and is indigent. See Tenn. Code Ann. § 40-30-107(b)(1). We decline to read into the Act, however, a statutory right to competency from this right to counsel. Cf. House, 911 S.W.2d at 712 (holding that provision requiring appointment of counsel does not create statutory right to effective assistance of counsel).

Our conclusion that in post-conviction proceedings there is no constitutional or statutory right to competency does not end the inquiry. Due process concerns may nevertheless be implicated in the post-conviction context where a potential litigant is denied an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). In Burford, the petitioner found himself caught in a "procedural trap" and unable to initiate litigation despite the approach of the statute of limitations. Id. We concluded that, while not unconstitutional on its face, the statute of limitations was unconstitutional as applied to Burford's case. Id. at 210.

Three years later, in Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), we applied the Burford due process analysis to the issue of whether mental incompetence tolled the post-conviction statute of limitations. We concluded that for these procedural purposes a post-conviction petition should

---

[2] In adopting a cognitive test for determining competency to be executed, rather than the more stringent assistance test that is applicable when determining competency to stand trial, we observed that "once the conviction is final, there is a lessened need for a defendant to assist in his or her defense given the availability of both state and federal collateral review of trial errors, and the expansion of the right to competent counsel at trial." Id.

[3] In House, we cited with approval language in Murray v. Giarratano, 492 U.S. 1, 10 (1989), "'declin[ing] to read either the Eighth Amendment or the Due Process Clause to require yet another distinction between the rights of capital case defendants and those in noncapital cases.'" 911 S.W.2d at 712.

[4] Tenn. Code Ann. §§ 40-30-101 et seq.

6

be considered civil in nature and thus subject to the general savings statute.[5]  Watkins, 903 S.W.3d at 305.  We further held that, even in the absence of a statute tolling the statute of limitations, due process required some reasonable opportunity for post-conviction relief:

> Even though the petitioner's interest is not a fundamental right entitled to heightened due process protection, because a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner, the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the petition, and thus, would violate due process.

Id. at 307.

In Seals v. State, 23 S.W.3d 272 (Tenn. 2000), we addressed the same issue under the current post-conviction statute of limitations, which specifically includes an anti-tolling provision.[6]  We held that the savings statute was inapplicable under the plain terms of the post-conviction statute.  Id. at 276.  We nevertheless concluded, under Watkins, that due process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence.  Seals, 23 S.W.3d at 279.

In State v. Nix, 40 S.W.3d 459 (Tenn. 2001), we turned to the question left unanswered in Watkins and Seals:  what standard of mental incompetence must a petitioner satisfy before due process requires tolling of the statute of limitations. Emphasizing again that a petitioner has no fundamental right to collaterally attack a conviction and due process requires only that a petitioner be provided an opportunity for the presentation of the claim at a meaningful time and in a meaningful manner, we concluded that the competency standard applied in civil cases in Tennessee satisfies the due process concerns associated with tolling of the post-conviction statute of limitations.  Nix, 40 S.W.3d at 464.  Under the standard adopted in Nix, a petitioner is incompetent if "he is unable either to manage his personal affairs or to understand his legal rights and liabilities."  Id. at 463.

The State argues that the Nix standard likewise satisfies the due process concerns associated with presentation of claims in post-conviction proceedings.  Reid counters that the standard for competency to proceed in a post-conviction action should be whether a petitioner is able to consult with counsel with a reasonable degree of rational understanding.[7]  Reid relies on the constitutional

---

[5] Tenn. Code Ann. § 28-1-106.

[6] Tenn. Code Ann. § 40-30-102(a).

[7]Amicus Curiae, Counsel for the National Alliance on Mental Illness, advocates a similar standard and suggests as guidance the standard for determining competency of a petitioner to withdraw a post-conviction petition in a capital case, namely:  "whether the petitioner possesses the present capacity to appreciate the petitioner's position and make a

7

right to be competent to stand trial and statutory provisions, such as the limitation to one post-conviction proceeding and the requirement that the petitioner testify when substantial questions of fact are raised. See Tenn. Code Ann. §§ 40-30-102(c), -110(a). Reid also attempts to tie a competency requirement to counsel's professional obligations under the rules applicable to the Post-Conviction Procedure Act. See Tenn. Sup. Ct. R. 28, § 6(C)(2) (requiring counsel to review the pro se petition, file an amended petition if necessary, "interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims"). In arguing for a level of competency commensurate with that required for trial, Reid misconstrues the nature of the right. As discussed above, competency to proceed on post-conviction is neither a constitutional nor a statutory right.

Due process requires only that a petitioner be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. The civil standard of competence is sufficient to meet that requirement. At trial, a defendant must make fundamental decisions that require the advice of counsel but are ultimately personal to the defendant. See, e.g., Momon v. State, 18 S.W.3d 152 (Tenn. 1999) (waiver of right to testify). Thus, the necessity for rational consultation is apparent. On post-conviction, the decision-making authority shifts to counsel. See Leslie v. State, 36 S.W.3d 34, 38 (Tenn. 2000). Although counsel is required to interview the petitioner and to consult with him "where feasible," counsel "retains the right to make strategic and tactical decisions – including the determination of which issues are reasonable and should be raised and pursued – based on counsel's professional judgment." Id. Through the assistance of counsel, who have access to the appellate record and trial counsel's files and who operate under an affirmative mandate from this Court to investigate and present all "reasonable claims," Tenn. Sup. Ct. R. 28, § 6(C)(2), a petitioner is afforded the opportunity for the presentation of claims in a meaningful manner.

Under the civil standard of competence, a petitioner must understand his legal rights and liabilities. Implicit in our holding in Nix is the determination that this level of competency sufficiently provides a petitioner with the opportunity to challenge his or her conviction in a meaningful manner. Due process considerations do not mandate different levels of competency at different stages of post-conviction proceedings. A level of competency sufficient to commence a post-conviction action is sufficient to pursue the matter to conclusion.

We hold that the civil standard of mental incompetence adopted in Nix applies to the determination of whether a petitioner is competent to proceed in a post-conviction action. A petitioner is, therefore, incompetent to pursue post-conviction proceedings only if he is unable either to manage his personal affairs or to understand his legal rights and liabilities.

---

rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity." Tenn. S. Ct. R. 28, § 11(B)(1). The standard in Rule 28, section 11(B)(1), which parallels that adopted by the United States Supreme Court in Rees v. Peyton, 384 U.S. 312, 314 (1966), is limited, however, to the unique circumstances involved when a petitioner in a capital case seeks to withdraw an already-filed post-conviction petition and waive further post-conviction relief.

## III. Threshold Showing

Recognizing that mental illness is not the equivalent of mental incompetence, the Court in Nix required a prima facie showing of mental incompetence to warrant a competency hearing. 40 S.W.3d at 463-64. We emphasized that "[u]nsupported, conclusory, or general allegations of mental illness" are insufficient to meet the required threshold showing. Id. at 464. We explained:

> The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. . . . While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

Id. We recently adopted a similar process for determining whether a petition for post-conviction relief may be filed by a "next friend" on behalf of an inmate who does not sign or verify the petition due to alleged mental incompetency. See Holton, ___ S.W.3d at ___ (citing Nix, 40 S.W.3d. at 464).

Consistent with Nix and Holton, we adopt a rule that places the burden on the petitioner to make a threshold showing that he is incompetent to proceed in a post-conviction action. The petitioner must submit a pleading alleging his or her incompetence to proceed and attach thereto affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations demonstrating either the petitioner's inability to manage his or her personal affairs or the petitioner's inability to understand his legal rights and liabilities. If a prima facie showing is made, then a competency hearing should be held. In preparation for the competency hearing, the trial court may enter a scheduling order requiring the parties to provide notice of any expert witnesses and to provide a written report of the expert's opinions at a designated time prior to the hearing.

## IV. Burden of Proof

Tennessee Code Annotated section 40-30-110(f) provides that at a post-conviction evidentiary hearing "[t]he petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence."[8] Citing this general burden of proof imposed by the post-conviction statute, we held in Nix that at a competency hearing a petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence. 40 S.W.3d

---

[8] The clear and convincing standard also applies to motions to reopen post-conviction proceedings. Tenn. Code Ann. § 40-30-117(a)(4).

at 464. The State argues that there is no justification for departure from the clear and convincing standard for purposes of a hearing to determine competency to proceed in a post-conviction action. We agree.

We find no merit in Reid's contention that neither party should bear the burden of proof at a competency hearing. Reid suggests that the intent of the legislature to recognize competency as a non-adversarial concept is evidenced by a recent amendment to the statute governing competency evaluations in criminal matters, which provides:

> During the post-conviction stage of a criminal proceeding, if it is believed that a defendant is incompetent to assist counsel in preparation for, or otherwise participate in, the post-conviction proceeding, the court may, upon its own motion, order that the defendant be evaluated on either an outpatient or inpatient basis, as may be appropriate. If the defendant is indigent, the amount and payment of the costs for any such evaluation shall be determined and paid for by the administrative office of the courts. If the defendant is not indigent, the cost of the evaluation shall be charged as court costs. If the evaluation cannot be done on an outpatient basis and if it is necessary to hospitalize the defendant in a department facility, such hospitalization shall not be for more than thirty (30) days and shall be subject to the availability of suitable accommodations. Any costs incurred by the administrative office of the courts shall be absorbed within the current appropriation for the indigent defense fund.

Tenn. Code Ann. § 33-7-301(a)(4) (Supp. 2005).

Reid's reliance on this provision is misplaced. When construing statutes, legislative intent is derived from the plain and ordinary meaning of the statutory language. Hickman v. State, 153 S.W.3d 16, 22 (Tenn. 2004). The amendment addresses neither the standard of competency nor the procedure for determining competence. The statute's primary purpose is to clarify the source of funding for competency evaluations in post-conviction proceedings. While also authorizing a trial court, on its own motion, to order a mental health evaluation during post-conviction proceedings, nothing in the language of the statute indicates that the legislature intended competency to be adjudicated without a burden of proof.

We also reject Reid's alternative argument that, if a petitioner must bear the burden of proving incompetence, it should be by a preponderance of the evidence.[9] The preponderance standard applies to the issue of competency to stand trial, Reid, 164 S.W.3d at 307, and the issue of competency to be executed. Van Tran, 6 S.W.3d at 270-71. As we explained above, however, these constitutional rights are distinguishable from competency to proceed in a post-conviction

---

[9] Amicus Curiae also proposes the preponderance standard.

10

action.

Relying on Howell v. State, 151 S.W.3d 450 (Tenn. 2004), Reid argues that imposing a clear and convincing standard would violate due process. In Howell, this Court addressed the proper burden of proof where a petitioner for the first time, in either an initial petition for post-conviction relief or in a motion to reopen post-conviction proceedings, is able to raise a claim of mental retardation to avoid capital punishment under Van Tran v. State, 66 S.W.3d 790 (Tenn. 2001), and Atkins v. Virginia, 536 U.S. 304 (2002). This Court noted that under current law a defendant who raises the issue of mental retardation at trial has only to prove the claim by a preponderance of the evidence. Howell, 151 S.W.3d at 463 (citing Tenn. Code Ann. § 39-13-203(c)). This Court held:

> As Van Tran and Atkins make clear, mentally retarded individuals have a constitutional right not to be executed. We recognize that our holding today is at odds with the standard set out in Tennessee Code Annotated section 40-30-117. However, were we to apply the statute's "clear and convincing" standard in light of the newly declared constitutional right against the execution of the mentally retarded, the statute would be unconstitutional in its application. Therefore, in light of the fact that the petitioner could not have litigated his claim at any earlier proceeding, we hold that at an evidentiary hearing, he will have the opportunity to prove mental retardation by preponderance of the evidence.

Howell, 151 S.W.3d at 465 (footnote omitted).

Howell is distinguishable. The issue of the constitutional right of a mentally retarded individual not to be executed is the same whether it is raised at trial or on post-conviction. Accordingly, the burden of proof should not differ depending upon whether the defendant makes his claim of retardation at trial or on post-conviction. Reid's claim of incompetency to proceed with his post-conviction proceeding is not analogous to Howell's claim of retardation because there is no constitutional right to competency during post-conviction proceedings. Similarly, the issue of competency to stand trial is separate and distinct from the issue of competency to proceed in a post-conviction action. Therefore, any disparity between the burden placed on defendants with respect to their competency to be tried and/or executed and the burden placed on petitioners alleging incompetency to proceed with a post-conviction action does not raise due process concerns.

We are guided by our treatment of the burden of proof in the closely analogous tolling context. For a petitioner alleging that the post-conviction statute of limitations should be tolled, the consequences of an erroneous determination of competence are significant in that the petitioner will be precluded from presenting his or her claims. Nevertheless, we have concluded that the clear and convincing standard is appropriate in this context. See Nix, 40 S.W.3d at 464. After the timely filing of a post-conviction petition, the consequences of an erroneous determination of competence are comparatively less significant because, while the manner of the presentation of the claims may

11

be affected, the claims themselves are not precluded. If the clear and convincing standard is adequate to ensure due process in the tolling context, then we deem it proper for purposes of the post-conviction proceeding itself. Consistent with Nix, we therefore conclude that at a competency hearing a petitioner bears the burden of proving by clear and convincing evidence that he or she is incompetent to proceed in a post-conviction action.

## V. Effect of Finding of Incompetence

Finally, we must determine how a finding of incompetence will affect the post-conviction proceedings.[10] Under the procedure adopted by the trial court in this case, purely legal claims and factual claims that do not require the petitioner's input would proceed. Factual claims that require the petitioner's input would be held in abeyance pending the petitioner's return to competency, at which time such claims could be raised in a motion to reopen. This type of bifurcated approach has been adopted in several states. See, e.g., Carter v. Florida, 706 So.2d 873 (Fla. 1997); Council v. Catoe, 597 S.E.2d 782 (S.C. 2004); State v. Debra A.E., 523 N.W.2d 727 (Wis. 1994).

Neither the State nor Reid supports this approach. Reid correctly points out that the procedure adopted by the trial court in this case, which stays some claims and proceeds with others, would create a great deal of uncertainty and overly complicate an "already labyrinthine" process, especially in light of the statute of limitations under the federal habeas statute. Moreover, incompetency is not one of the limited grounds for reopening a post-conviction proceeding. See Tenn. Code Ann. § 40-30-117.

We do not agree with Reid, however, that a stay should apply to all claims.[11] Given that the purpose of post-conviction proceedings is to obtain relief from an unconstitutional conviction or sentence, a stay of the proceedings could be harmful to a petitioner by causing him or her to suffer from the delay of meritorious claims. At the same time, permitting collateral review to proceed despite a petitioner's incompetence advances the interest of the State in the expeditious administration of the criminal justice system. See Burford, 845 S.W.2d at 207 (noting that preventing the litigation of stale and groundless claims is the governmental interest represented by post-conviction statute of limitations). Both the petitioner and the State have an interest in resolving claims while witnesses are available and their memories of the events are fresh. See id. A stay of the proceedings advances neither the interest of the State nor, to the extent the claims presented are valid, the interest of the petitioner.

---

[10]The trial court has not yet found that Reid has made a prima facie case of incompetency, and Reid requests in his brief that this Court "find sufficient evidence of a prima facie case prior to remand to the [trial] court." Since the trial court has not yet made findings of fact on this issue, we decline to grant Reid's request.

[11] Both Reid and Amicus Curiae rely on Rohan ex rel. Gates v. Woodford, 334 F.3d 803 (9th Cir. 2003), in which the Ninth Circuit Court of Appeals held that a district court must stay capital habeas proceedings during a petitioner's incompetence, but that case is inapposite. The ruling rested on the premise that the federal habeas statute incorporates a statutory right to competence. Id. at 814. We have declined to find such a statutory right under our state post-conviction statute.

We agree, therefore, with the State that a finding of incompetence requires neither a partial nor complete stay of the proceedings. Instead, the trial court should appoint, if necessary, a "next friend" or guardian ad litem to pursue the action on behalf of the petitioner. Such a procedure is consistent with our recent decision in <u>Holton</u> allowing a "next friend" to initiate a post-conviction action on behalf of an incompetent petitioner. We noted that in applying federal habeas corpus procedures, the United States Supreme Court has recognized that a "next friend" may "'appear in court on behalf of detained prisoners who are unable, usually because of incompetence or inaccessibility, to seek relief themselves.'" <u>Holton</u>, ___ S.W.3d at ___ (quoting <u>Whitmore v. Arkansas</u>, 495 U.S.149, 162 (1990)). As explained in <u>Whitmore</u>, a "next friend" does not "become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." 495 U.S. at 163. In that sense, a "next friend" resembles a guardian ad litem who prosecutes or defends a case from start to finish on behalf of another. <u>Morgan v. Potter</u>, 157 U.S. 195, 198 (1895). The "next friend" may challenge a criminal judgment on behalf of another if it is shown that "the real party in interest is *unable to litigate his own cause due to mental incapacity*, lack of access to court, or other similar disability." <u>Whitmore</u>, 495 U.S. at 165 (emphasis added). Thus, while mental incompetence may be a basis for allowing a "next friend" to initiate a post-conviction action, it does not require cessation of the proceedings.

## CONCLUSION

We affirm as modified the ruling of the trial court regarding the procedure for determining competency to proceed in a post-conviction action. We remand the case to the trial court for further proceedings consistent with this opinion.

It appearing that the petitioner, Paul Dennis Reid, Jr., is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
CORNELIA A. CLARK, JUSTICE