IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2008

**LEBRON MOORE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 256713     Don W. Poole, Judge**

**No. E2007-01070-CCA-R3-PC - Filed July 10, 2008**

In 1982 the petitioner, Lebron Moore, was convicted of aggravated rape and second degree burglary and sentenced to forty years in the Department of Correction. Following an unsuccessful direct appeal, he filed a petition for post-conviction relief, which was dismissed in 1988 on the ground that he was mentally incompetent to proceed. In 2005, the petitioner filed a pleading styled "Motion to Reopen Post-Conviction Petition," which the post-conviction court treated as a new petition for post-conviction relief and dismissed as untimely. The petitioner argues on appeal that the post-conviction court erred in finding the petition untimely. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. JOSEPH M. TIPTON, P.J., filed a dissenting opinion.

Hilary Stuart, Chattanooga, Tennessee, for the appellant, Lebron Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, III, District Attorney General; and M. Neal Pinkston, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

On November 19, 1982, the petitioner was convicted of aggravated rape and second-degree burglary and sentenced to forty years in the Department of Correction. This court affirmed the judgment of the trial court, and the Tennessee Supreme Court denied permission to appeal. State v. Lebron Moore, No. 802, Hamilton County (Tenn. Crim. App. Apr. 27, 1983), perm. to appeal denied (Tenn. June 27, 1983). On August 19, 1983, the petitioner timely filed a petition for post-conviction relief. The post-conviction court found that the petitioner was mentally incompetent to

proceed and dismissed the petition on March 10, 1988. The petitioner subsequently filed a second petition for post-conviction relief, alleging that he had regained competency. On March 15, 1991, the post-conviction court dismissed this second petition in light of the court's dismissal of the first petition in 1988.

On November 7, 2005, the petitioner filed a *pro se* motion to reopen his first post-conviction petition. The motion stated that he did not appeal the post-conviction court's dismissal of his first petition because "due to his incompetence, [he] was unaware that [he] had to refile for an appeal." As grounds for reopening the petition, the motion alleged only that "PCR [post-conviction relief] was not further pursued by petitioner's attorney for unknown reasons." The motion contained no factual allegations regarding the petitioner's competence between 1991 and 2005.

The post-conviction court conducted an evidentiary hearing on whether to treat the petitioner's pleading as a motion to reopen his prior post-conviction petition or as a new post-conviction petition. The petitioner presented no proof at the hearing, which consisted entirely of the arguments of counsel. The post-conviction court subsequently entered an order treating the pleading as a new petition for post-conviction relief and dismissing it as untimely:

> As grounds for relief, the Court understands the petitioner to allege as follows:
>
> (1) that, in July 1985,[1] he was found to be incompetent to prosecute the petition in case 155503 and
>
> (2) that he was incompetent to pursue an appeal from the dismissal of the petition and post-conviction counsel did not do so on his behalf.
>
> Considering the petition as a new petition, the Court finds that it is untimely under Tenn. Code Ann. § 40 30 102(a) and (b), there being still, after the hearing, no evidence explaining the petitioner's failure to present his claims in the more than fifteen years since his last attempt to obtain relief in case 155503 and establishing the applicability of a constitutional exception to the statute of limitations.
>
> The Court recognizes the apparent absurdity of, in effect, requiring a competent petitioner to persist in making futile attempts to obtain post-conviction relief after the summary rejection of two such attempts. Even after the judgment in a post-conviction proceeding becomes final in the trial court, however, a petitioner may obtain an appeal therefrom by a motion, in the Court of Criminal Appeals, to

---

[1]The petitioner's 2005 pleading alleges that he was found incompetent to pursue the first petition for post-conviction relief in July 1985. However, the Hamilton County Criminal Court Rule Docket reflects that this incompetency finding was not made until March 1988.

-2-

waive the notice of appeal pursuant to Tenn. R. App. P. 4(a). This, apparently, the petitioner never did.

Of course, were the Court to treat the petition as a motion to reopen, it would find, as Judge Stern tacitly did, that it does not allege a ground for relief. *See* Tenn. Code Ann. § 40 30 117(a) (recognizing only the post-trial establishment of a new constitutional right that applies retrospectively, the existence of new, scientific proof of innocence, or the invalidation of certain prior convictions and clear and convincing evidence of facts that entitle a petitioner to relief as grounds for reopening a post-conviction petition).

The Court concludes that the subject petition should be dismissed. The petitioner has thirty (30) days from the entry of this order in which to file, with the Clerk of this Court, a notice of appeal.

The Court therefore ORDERS that the subject petition be dismissed.

## ANALYSIS

The petitioner argues that the post-conviction court erred in dismissing as untimely his petition for post-conviction relief. The State responds, alternatively, that (1) the pleading is a motion to reopen a prior post-conviction petition and the petitioner's appeal should be dismissed because he does not have an appeal as of right from the post-conviction court's dismissal of his motion to reopen; and (2) if the pleading is treated as a new petition for post-conviction relief, the post-conviction court properly dismissed the petition as untimely. As we will explain, we agree with the determination of the post-conviction court that the petitioner's pleading is an untimely petition for post-conviction relief.

As an initial matter, we note that although the pleading which is the basis for this appeal is styled "Motion to Reopen Post-Conviction Petition," the post-conviction court treated it as a new petition because, as we will explain, a 1988 petition filed by this petitioner was never resolved on its merits. "It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995) (citations omitted). Moreover, to treat the pleading as a motion to reopen would lead to an inequitable result in this case, given the shorter limitations period for appealing the denial of a motion to reopen. A petitioner may appeal within thirty days the dismissal of a petition for post-conviction relief, and the post-conviction court's April 19, 2007, order dismissing the petition stated that the petitioner had thirty days to file a notice of appeal. See Tenn. R. App. P. 4(a). The petitioner filed a notice of appeal on May 15, 2007. In contrast, an appeal from a denial of a motion to reopen a prior petition must be filed within ten days. See Tenn. Code Ann. § 40-30-117(c) (2006). To now characterize the petitioner's pleading as a motion to reopen, as the State argues on appeal that we should do, would render the petitioner's notice of appeal untimely. Therefore, we will analyze the pleading, as did the post-conviction court, as a new petition for post-conviction relief.

-3-

The Post-Conviction Procedure Act provides that:

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

Tenn. Code Ann. § 40-30-102(a). The statute's anti-tolling provision notwithstanding, our supreme court has held that the due process protections of the United States and Tennessee Constitutions require that the limitations period be tolled during the period of time that a petitioner is mentally incompetent. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000). The petitioner bears the burden of including allegations of fact in the petition which establish either timely filing or tolling of the limitations period. State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

> [T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). . . . The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.

Id. (citations omitted). If the petitioner makes a prima facie showing of mental incompetence, a competency hearing should be held. At the hearing, the petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence. Reid v. State, 197 S.W.3d 694, 703 (Tenn. 2006).

In this case, the post-conviction court properly dismissed the petition as untimely because the petitioner did not make a prima facie showing of incompetence requiring tolling of the limitations period. Final action was taken on his previous post-conviction petition in 1991. His 2005 petition contains no specific factual allegations that he was unable to manage his personal affairs or understand his legal rights and liabilities during the previous fourteen years. Moreover, he presented no evidence regarding mental incompetence during the evidentiary hearing conducted by the post-conviction court. The petitioner did not carry his burden of proving by clear and convincing evidence that his filing was timely or that the statute of limitations should be tolled for incompetence, and he is not entitled to relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____

ALAN E. GLENN, JUDGE