IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2010

**LYNDA BETH CHANDLER-CAMP v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Crockett County**
**No. 3568       Clayburn L. Peeples, Judge**

_____

**No. W2008-02577-CCA-R3-PC  - Filed January 20, 2010**

_____

The petitioner, Lynda Beth Chandler-Camp, appeals the post-conviction court's summary dismissal of her petition for post-conviction relief, arguing that she made a prima facie showing of incompetence to toll the statute of limitations on the period for filing a petition for post-conviction relief.  After review, we affirm the post-conviction court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Magan N. White, Jackson, Tennessee, for the appellant, Lynda Beth Chandler-Camp.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Garry G. Brown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On March 29, 2006,[1] the petitioner pled guilty to second degree murder, a lesser-included offense to the indicted charge of first degree murder, and was sentenced to twenty-five years in the Department of Correction.  She filed a petition for post-conviction relief in June 2008, arguing, among other things, that her guilty plea was unknowingly and

---

[1] The judgment was filed on April 24, 2006.

involuntarily entered. In her petition, the petitioner maintained that she was unable to file her petition within the one-year statute of limitations because she was "highly medicated up until August of 2007 for about 6 months and has been put back on this medication."

The petitioner attached to her petition portions of a psychologist's report dated October 4, 2005, detailing that she suffered from various disorders, including post-traumatic stress disorder and depression. The psychologist, Lynne D. Zager, Ph.D., concluded that the petitioner understood the nature of the legal process, as well as the charges and consequences of the charges, and should be considered competent to proceed with the disposition of the charges. The psychologist also concluded that at the time of the offense, the petitioner was suffering from mental illnesses, and "[h]er mental capacity to appreciate the nature and wrongfulness of her behavior was compromised as a result of the . . . illnesses."

The post-conviction court denied relief by order filed September 12, 2008, finding that the petitioner failed to state a claim upon which relief could be granted. The petitioner filed an untimely notice of appeal, but this court waived the timely filing requirement.

## ANALYSIS

On appeal, the petitioner acknowledges that she filed her post-conviction petition outside the one-year statute of limitations for filing a petition for post-conviction relief. However, she argues that she made a prima facie showing of incompetence to toll the statute of limitations and that due process requires the statute of limitations to be tolled in this case.

Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006).

The post-conviction statute contains a specific anti-tolling provision, stating:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter

-2-

shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

The statute's anti-tolling provision notwithstanding, our supreme court has held that the due process protections of the United States and Tennessee Constitutions require that the limitations period be tolled during the period of time that a petitioner is mentally incompetent. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000). The petitioner bears the burden of including allegations of fact in the petition which establish either timely filing or tolling of the limitations period. State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). Due process does not require "tolling for incompetency upon the mere assertion of a psychological problem." Id. at 463.

> [T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage [her] personal affairs or understand [her] legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). . . . The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence.

Id. at 464 (citations omitted).

In addition to alleging specific facts to show mental incompetence, the post-conviction petitioner must, in order to avoid dismissal of her petition on the basis of the statute of limitations, demonstrate that she did not experience a total of one year of mental competency during the time between the highest action taken by an appellate court on her case or the date her conviction became final and the filing of her petition. See Alvin L. Smith v. State, No. 01C01-9808-CC-00343, 1999 WL 810229, at *2 (Tenn. Crim. App. Oct. 12, 1999) (observing that petition for post-conviction relief was not timely filed if petitioner was competent for a total of either three years or one year, depending on whether the

three-year statute of limitations under the 1989 Act, or the one-year statue of limitations under the 1995 Act, applied).

Upon review, we conclude that the petitioner has failed to make a prima facie showing that she was unable to manage her personal affairs or understand her legal rights and liabilities during the period between her conviction and when the statute of limitations had run. The petitioner's allegation that she "has been highly medicated up until August of 2007 for about 6 months and has been put back on this medication" is unclear as to when her alleged period of medication started and how long it lasted. The petition also fails to allege that the petitioner's taking said unnamed medications rendered her unable to understand her legal rights and liabilities or manage her affairs. Moreover, the petitioner's very allegation that she had been put back on her medication at the time the post-conviction petition was filed shows that her being medicated did not prevent her from filing the petition.

In addition, the October 2005 psychologist's report is of questionable relevance considering it addresses the petitioner's condition prior to her pleading guilty and not her condition during the relevant statute of limitations period. In any event, the report showed that the petitioner had mental illnesses, yet the psychologist concluded that the petitioner understood the legal process, the charges and consequences of the charges against her, and should be considered competent to proceed at that point. "[M]ental illness is not the equivalent of mental incompetence." Reid v. State, 197 S.W.3d 694, 702 (Tenn. 2006) (citing Nix, 40 S.W.3d at 463-64). Furthermore, the psychologist's report does not address the effect any medication might have on the petitioner's ability to manage her personal affairs or understand her legal rights and liabilities.

Unsupported and conclusory claims, such as the claims before us, are insufficient to make a prima facie showing that the statute of limitations should be tolled. See Nix, 40 S.W.3d at 464. Therefore, we hold that the post-conviction court's dismissal of the petition was proper because it was filed outside the one-year statute of limitations.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE

-4-