# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 12, 2014

## CRYSTLE D. RUTHERFORD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-C-3114     J. Randall Wyatt, Jr., Judge**

---

**No. M2013-01575-CCA-R3-PC - Filed April 25, 2014**

---

The petitioner, Crystle D. Rutherford, appeals the summary dismissal of her pro se petition for post-conviction relief as untimely. In June 2010, she pled guilty to two counts of facilitation of first degree premeditated murder and one count of especially aggravated robbery. She is currently serving a total effective sentence of fifty years in the Department of Correction. In March 2013, the petitioner filed a pro se petition alleging multiple grounds for post-conviction relief. The post-conviction court summarily dismissed the petition as untimely. On appeal, the petitioner addresses only her asserted grounds for relief, and she fails to address the finding of untimeliness. Following our review of the record, we affirm the dismissal of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Crystle D. Rutherford, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

### Procedural History

On September 22, 2008, the petitioner, along with multiple co-defendants, was indicted by a Davidson County grand jury for two counts of first degree premeditated murder, two counts of felony murder, and one count of especially aggravated robbery. The charges

arose from a robbery and an execution-style shootings of two employees at Bellacino's restaurant in Nashville on October 26, 2007. *See State v. Tarina Simmons v. State*, No. M2011-00953-CCA-R3-PC, 2012 Tenn. Crim. App. LEXIS 206 (Tenn. Crim. App. Mar. 27, 2012). On June 11, 2010, the petitioner pled guilty to two counts of facilitation of first degree premeditated murder and one count of especially aggravated robbery. The plea agreement denoted that the petitioner was to be sentenced as a Range I, standard offender to thirty years for each count of facilitation of first degree murder. The agreement further provided that she would be sentenced to twenty years as a Range I, violent offender for the especially aggravated robbery. The trial court ordered that the two sentences for facilitation be served concurrently with each other but consecutively to the sentence for especially aggravated robbery. As such, the petitioner received an effective sentence of fifty years in the Department of Correction. No direct appeal was filed in the case. Thus, the judgments became final in July 2010.

In March 2013, the petitioner filed the instant pro se petition for post-conviction relief alleging multiple grounds for relief. In the petition, the petitioner recognizes that the petition was not being timely filed. In the section noting her reasons for the untimely filing, it notes that:

> Petitioner avers that she has filed several motion to the Court to retain her discovery and transcripts in order to file this petition but have had no response in all of this time. Petitioner also avers that she was ignorant of the laws and was not informed about a time limit, therefore did not file before the deadline.

On May 23, 2013, the post-conviction court entered an ordering summarily denying the petition as untimely. In its order, the court recognized the petitioner's assertions as to why the petition was untimely. However, the court concluded that the petitioner had "cite[d] to no valid reason why the statute of limitations should be tolled or why the petition should otherwise be heard on the merits." The petitioner has appealed the dismissal.

**Analysis**

On appeal, the petitioner contends that she is entitled to relief because her convictions were: (1) based on an involuntary guilty plea; (2) based on a coerced confession caused by police manipulation; and (3) based on trial counsel's failure to disclose favorable evidence to the petitioner. In her brief on appeal, she makes no mention of and asserts no argument regarding the untimely filing which led to the summary dismissal.

Under Tennessee Code Annotated section 40-30-102(a) (2010), a post-conviction petition must be filed within one year of "the date of the final action of the highest state

appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the act and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b).

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retroactive application; (2) whether the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to invalid. T.C.A. § 40-30-102(b). In addition to the three narrow statutory exceptions, the post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000).

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner."

*Id*. at 277-78 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)).

In *Artis Whitehead v. State*, our supreme court discussed the matter of due process in a post-conviction context. The court identified three circumstances in which due process requires tolling the post-conviction statute of limitations. *Whitehead v. State*, 402 S.W.3d 615, 623 (Tenn. Mar. 21, 2013). The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Id*. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id*. at **20-21. The third exception is when attorney misconduct necessitates the tolling of the statute of limitations. *Id*. at 21. In *Rokisha Lashia Alderson v. State*, No. M 2010-00896-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 1016, **8-9 (Tenn. Crim. App. Nov. 30, 2010), this court noted that the same rationale applied to possible misrepresentation by prison officials. Essentially, due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances

beyond their control, such as the above numerated circumstances, which preclude them from actively raising their post-conviction claims. *Williams*, 44 S.W.3d at 469.

Our supreme court noted that"[a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her right diligently, and (2) that some extraordinary circumstances stood in his or her way and prevented timely filing. *Whitehead*, 402 S.W.3d at 631 (citations omitted). The court made clear that the standard for pursuing one's rights diligently did "not require a prisoner to undertake repeated exercises in futility or to exhaust every imagineable option, but rather to make reasonable efforts" to pursue the claim. *Id*. (citations omitted). However, the court emphasized that due process tolling "must be reserved for those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 631-32 (citations omitted). The threshhold for triggering this form of relief is "very high, lest the exceptions swallow the rule." *Id*. at 632 (citations omitted).

As an initial matter, there is no dispute in this case that the petition for post-conviction relief was filed outside the applicable one-year statute of limitations. Indeed, the petition at issue was filed almost three years after the judgments in the case became final. The petitioner pled guilty on June 11, 2010, and no direct appeal was taken. The petition for relief was not filed until March 2013. As noted, the petitioner herself does not dispute that she failed to comply with the timeliness requirements. Nor does she make any contention that one of the three enumerated statutory exceptions to the statute of limitations are applicable. We agree that none are.

In actuality, the petitioner also fails to put forth an argument that due process requires that the statute be tolled. She simply noted in the petition that she had made motions for discovery and that she was unaware of filing requirements. Those assertions do not equate to a due process claim. Nonetheless, because the petitioner is pro se, we will address her petition.

This court reviews a post-conviction court's "conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." *Whitehead*, 402 S.W.3d at 621 (citations omitted). Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review. *Id*. The post-conviction court's conclusion that due process did not require tolling the statute of limitations under these circumstances is a question of law. The petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for due process. *Reid v. State*, 197 S.W.3d 694, 705 (Tenn. 2006).

Nothing in the petitioner's contentions that she filed motions for discovery or was unaware of the applicable laws is sufficient to rise to the level of due process requiring a waiver of the statute of limitations. The petitioner has not presented a later-arising claim, makes no allegation of mental incompetence precluding the raising of the issues, no allegations of attorney misconduct, and no allegations of interference by prison authories. The petitioner's contentions are not the type of external circumstances which must be established in order for due process to be invoked as an exception to the statute of limitations. Nor does she make any showing that she has diligently been pursuing her rights.

As noted by the post-conviction court, even if the petitioner could establish that she was entitled to some sort of discovery in the post-conviction context, nothing precluded her from filing a petition for relief before receiving it. As asserted by the State, a mere lack of knowledge that a claim exists does not toll the statute of limitations. *Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 169, **11-12 (Tenn. Crim. App. Feb. 16, 2006), perm. app. denied, (Tenn. Sept. 5, 2006). Moreover, this court has held that a petitioner's personal ignorance of the post-conviction procedures does not toll the statute of limitations. *Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 767, *8 (Tenn. Crim. App. Sep. 15, 2010) (citing *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)).

Based upon the foregoing, we conclude nothing in this record weighs against the post-conviction court's conclusion that neither of these assertions warranted tolling the statute of limitations. As there was no basis to toll the statute of limitations, the petition was properly dismissed.

## CONCLUSION

Following our review of the record and applicable law, the judgment of the post-conviction court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE

-5-