IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 15, 2017 at Knoxville

## DEAN HEATH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 10-02252      W. Mark Ward, Judge

_____

### No. W2016-00786-CCA-R3-PC

_____

The Petitioner filed a pro se petition for post-conviction relief. The post-conviction court summarily dismissed the petition because it was not timely filed and the Petitioner failed to present any factual allegations or documents allowing the tolling of the statute of limitations. On appeal, the Petitioner concedes that his petition was untimely filed but argues that the statute of limitations should be tolled and his petition addressed on its merits. The Petitioner also contends that this court should treat his motion to vacate, which was denied by the trial court, as a properly-filed petition for post-conviction relief. After a thorough review of the record and applicable case law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Dean Heath.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Omar Malik, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

A Shelby County jury convicted Dean Heath, "the Petitioner," of first degree premeditated murder, first degree felony murder, and especially aggravated robbery. The trial court merged the murder convictions and sentenced the Petitioner to life and

imposed a concurrent sentence of twenty-five years for especially aggravated robbery. On direct appeal, the Petitioner claimed that the trial court erred in finding him competent to stand trial and that there was not sufficient evidence to sustain the convictions. This court affirmed the convictions and application for permission to appeal was denied by the supreme court. *State v. Dean Heath*, No. W2011-02515-CCA-R3-CD, 2013 WL 2297133, at *1 (Tenn. Crim. App. May 23, 2013), perm. app. denied (Tenn. Oct. 17, 2013).

On January 21, 2016, the Petitioner filed a pro se Petition for Post-Conviction Relief ("the Petition"). Below the section of the Petition asking the Petitioner to "state why the statute of limitations should not bar [his] claim," was handwritten:

> Because in the matter of me failing to go pass [sic] the statute of limitations, was one my mental capability doen't [sic] fully register in this field of work, so I had to go wit [sic] the help I could, me or my family can't afford proper legal assistant for this case to be awarded in its proper form.

The post-conviction court appointed counsel on February 1, 2016. On February 24, the State moved to dismiss, arguing the Petition was not timely filed. Post-conviction counsel filed an affidavit stating that, shortly after he was appointed, he asked the Petitioner and the Petitioner's mother for additional information to "demonstrate the [P]etitioner's inability to manage his affairs or understand his legal rights and liabilities." Post-conviction counsel stated that, as of March 21, he had received no information from the Petitioner or the Petitioner's mother. On March 22, the post-conviction court entered an order summarily dismissing the petition because it was not timely filed and because the Petitioner "fail[ed] to present any factual allegations or documents allowing the tolling of the statute." On April 13, the Petitioner filed a Notice of Appeal and a motion asking for appointment of counsel. On April 14, the post-conviction court found that it had lost jurisdiction after the filing of a notice of appeal and denied appointment of counsel for appeal. On August 1, the Petitioner filed a pro se "Motion to Vacate the Previous Post-Conviction Judgment Order and/or Appoint Counsel for Purposes of Appeal in the Interest of Justice" ("the Motion to Vacate"). By order entered on August 4, the post-conviction court denied the Motion to Vacate and again denied appointment of counsel. On August 22, the Petitioner filed a pro se Notice of Appeal from the denial of the Motion to Vacate.[1] On September 2, this court remanded the case back to the post-conviction court ordering "that if [post-conviction] counsel has not been allowed to withdraw, [post-conviction] counsel shall continue to represent the [Petitioner] on

---

[1] The appeal from the denial of the Motion to Vacate was assigned docket number W2016-01943-CCA-R3-CD. This court ordered the two appellate cases to be consolidated.

- 2 -

appeal." The post-conviction court then ordered post-conviction counsel to continue to represent Petitioner on appeal.

*Analysis*

**Due Process Tolling of the Statute of Limitations**

On appeal, the Petitioner avers that "due process required tolling of the one[-]year statute of limitations." The State claims that the "[P]etitioner's bare allegations . . . that he suffered from mental incompetency was insufficient to establish a prima facie case for due process tolling of the statute of limitations." We agree with the State.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken[.]" Tenn. Code Ann. § 40-30-102(a). In this case, the Petitioner had one year from October 17, 2013, the date the application for permission to appeal was denied by the supreme court, to file the Petition. Subsection 40-30-102(b) provides that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless" one of three narrow circumstances apply.[2] The Petitioner does not claim that any of the three statutory exceptions apply. Because "the General Assembly may not enact laws that conflict with the Constitution of Tennessee or the Constitution of the United States," our supreme court has recognized other exceptions that can toll the running of the one-year statute of limitations. *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). "Both [our supreme court] and the United States Supreme Court have recognized that fundamental due process requires that, once the legislature provides prisoners with a method for obtaining post-conviction relief, prisoners must be afforded an opportunity to seek this relief 'at a meaningful time and in a meaningful manner.'" *Id.* quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn.1992).

In *Seals v. State*, our supreme court concluded that:

> while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner. Thus, a petitioner who is mentally

---

[2] "These three exceptions include: (1) claims based on a newly recognized constitutional right that applies retroactively, and that are filed within one year of the ruling recognizing that right; (2) claims based on new scientific evidence that proves that the prisoner is innocent of the offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction that was subsequently held to be invalid." *Whitehead* 402 S.W.3d at 622.

incompetent is denied an opportunity to raise a claim in a meaningful manner unless the statute of limitations is tolled during the period of mental incompetence.

23 S.W.3d 272, 279 (Tenn. 2000).

In *State v. Nix*, our supreme court held "that due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 462 (Tenn. 2001). The court noted that "the mere assertion of a psychological problem" was not sufficient to require tolling. *Id.* at 463.

In *Reid ex rel. Martiniano*, a case in which a petitioner facing the death penalty sought to abandon his claim for post-conviction relief, our supreme court held that "henceforth, all competency determinations made in the context of post-conviction proceedings shall be conducted using the competency standards contained in Tenn. Sup. Ct. R. 28, § 11 and discussed in this opinion." *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 518 (Tenn. 2013). The supreme court explained that Rule 28, section 11 would apply "not only when a petitioner seeks to withdraw a previously-filed petition for post-conviction relief, but also when a petitioner seeks to toll the statute of limitations in Tenn. Code Ann. § 40-30-102(a) due to incompetency[.]" *Id.* at 512. Tennessee Supreme Court Rule 28, section 11(B)(1) provides:

> The standard for determining competency of a petitioner to withdraw a post-conviction petition and waive further post-conviction relief under this section is: whether the petitioner possesses the present capacity to appreciate the petitioner's position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether the petitioner is suffering from a mental disease, disorder, or defect which may substantially affect the petitioner's capacity.

Tenn. Sup. Ct. R. 28, § 11(B)(1).

A petitioner bears the burden of proving incompetency by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *see also Reid v. State*, 197 S.W.3d 694, 703 (Tenn. 2006). For the evidence to be clear and convincing there can be "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 221 (Tenn. 2009)) (internal quotation marks omitted). "Whether the evidence is clear and convincing is a question of law that appellate courts must review de novo without a presumption of correctness." *Reid ex rel. Martiniano*, 396 S.W.3d at 515.

A petitioner must make a prima facie showing of incompetence. *See Nix*, 40 S.W.3d at 464. "[A] prima facie showing of mental incompetency requires more than conclusions or assertions[.]" *Holton v. State*, 201 S.W.3d 626, 634 (Tenn. 2006), *as amended on denial of reh'g* (June 22, 2006). "The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence." *Nix*, 40 S.W.3d at 464 (citing Tenn. Code Ann. § 40-30-204(e)).

In his petition for post-conviction relief, the Petitioner has only made "mere conclusions," *Don C. Lee v. State*, No. E2006-00844-CCA-R3-PC, 2007 WL 2316388, at *2 (Tenn. Crim. App. Aug. 14, 2007), or "mere assertions," *Nix*, 40 S.W.3d at 463, that he was mentally incompetent during the year after our supreme court denied his application for permission to appeal. The Petitioner did not offer any credible evidence, such as affidavits, depositions, or medical reports to support his claim of mental incompetence during the one-year statute of limitations period. The Petitioner has failed to prove that he did not "possess[] the present capacity to appreciate the [P]etitioner's position and make a rational choice with respect to" timely filing the Petition or that he was "suffering from a mental disease, disorder, or defect which [] substantially affect[ed] the [P]etitioner's capacity" to understand when the Petition must be filed to be timely. Tenn. Sup. Ct. R. 28, § 11(B)(1). Therefore, the Petitioner has failed to make a prima facie case to toll the statute of limitations due to mental incompetence. "Absent sufficient facts establishing [the Petitioner] is entitled to due process tolling, an untimely petition must be dismissed." *Edward Hood, Jr. v. State*, No. W2016-01998-CCA-R3-PC, 2017 WL 2482991, at *6 (Tenn. Crim. App. June 7, 2017) (citing *Eddie Williams, Jr. v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011)), *no perm. app. filed*.

## Motion to Vacate

The Petitioner additionally argues that this court should treat his Motion to Vacate as a properly-filed petition for post-conviction relief. The State argues that the post-conviction court properly denied the motion. We agree with the State.

First, we note that the Petitioner initiated an appeal by filing his pro se Notice of Appeal with the clerk of the appellate court on April 13, 2016. Tenn. R. App. P. 3(e). The Motion to Vacate was filed on August 1, 2016, over three and one-half months after the Petitioner initiated an appeal from the judgment he was seeking to have vacated. "The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal, and therefore, the [post-conviction] court los[t] jurisdiction" before the Motion to Vacate was filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996).

- 5 -

Second, the Motion to Vacate does not provide any additional credible evidence to allow tolling the one-year statute of limitations. We decline to treat the untimely filed Motion to Vacate as a petition for post-conviction relief, and even if we treated it as such, for the reasons previously discussed in this opinion, it would have been filed outside the statute of limitations. *See Randall Turner v. State*, No. E2011-00110-CCA-R3-PC, 2011 WL 2416927, at \*2 (Tenn. Crim. App. June 13, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011) (affirming the trial court's summary dismissal of the petitioner's Motion to Vacate Convictions, which our court stated "appears in substance to be a proceeding brought pursuant to the Post-Conviction Procedure Act," because the motion "state[d] only a conclusory basis for due process tolling" of the one-year statute of limitations).

*Conclusion*

The judgment of the post-conviction court summarily denying the petition for post-conviction relief because it was not timely filed is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE