NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190238-U

NO. 4-19-0238

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 26, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JAMES RAY MANUEL, | ) | No. 10CF1156 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The motion of the Office of the State Appellate Defender to withdraw as appellate counsel is granted, and the trial court's denial of defendant's motion to file a successive postconviction petition is affirmed.

¶ 2    Defendant, James Ray Manuel, appeals from the trial court's denial of his *pro se* motion for leave to file a successive postconviction petition. On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as appellate counsel on the ground no meritorious issue can be raised on appeal. Defendant has not filed a response to OSAD's motion. We grant OSAD's motion and affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 3                    I. BACKGROUND

¶ 4        On direct appeal, this court diligently set forth all of the relevant facts involved in this case. We set forth only the facts relevant to this appeal below.

¶ 5                          A. Consolidated Bench Trial and Direct Appeal

¶ 6        In December 2010, defendant and his codefendant, Clarance Thompkins, were charged with home invasion while armed with a firearm (720 ILCS 5/12-11(a)(3) (West 2008)) and armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)). The State alleged the offenses occurred on July 29, 2008.

¶ 7        In September 2011, a consolidated bench trial was held, and defendant was convicted of the charged offenses and sentenced to two concurrently imposed terms of 45 years' imprisonment. On appeal, this court affirmed defendant's conviction. See *People v. Manuel*, 2013 IL App (4th) 120017-U.

¶ 8                          B. Relevant Postconviction Proceedings

¶ 9        In June 2014, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.* (West 2012)). Defendant alleged (1) ineffective assistance of trial counsel for failing to conduct a pretrial investigation to obtain business records from a tattoo parlor to demonstrate the victim described an assailant other than defendant; (2) he was denied a fair trial when the State failed to provide the defense a written statement identifying the tattoo on the forearm of an assailant; and (3) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on direct appeal.

¶ 10       In August 2014, the trial court dismissed defendant's *pro se* petition as frivolous and patently without merit. Defendant appealed, and this court reversed the trial court's summary dismissal and remanded the case for second-stage postconviction proceedings. See *People v. Manuel*, 2015 IL App (4th) 140744-U.

¶ 11    In February 2017, appointed counsel filed an amended postconviction petition. Defendant argued his trial counsel was ineffective for failing to (1) investigate the tattoo on his forearm and (2) present evidence it was his codefendant who wore gold-rimmed glasses to rebut the victim's testimony the individual with the tattoo wore gold-rimmed glasses. Defendant also argued his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness, asserting trial counsel failed to (1) "continuously object" to the State's late disclosure of the victim's statement the tattoo was on defendant's left arm and (2) use the improperly admitted evidence to impeach the witness's credibility.

¶ 12    In May 2017, the State filed a motion to dismiss and, following an August 2017 evidentiary hearing, the trial court denied defendant postconviction relief. Defendant appealed, and this court affirmed. See *People v. Manuel*, 2019 IL App (4th) 170651-U.

¶ 13    C. The Instant Motion for Leave to File a Successive Postconviction Petition

¶ 14    In March 2019, defendant filed the instant *pro se* motion for leave to file a successive postconviction petition. Defendant attached his proposed postconviction petition, raising a claim of actual innocence based on newly discovered evidence in the form of an affidavit from one alibi witness, Robert Whittier.

¶ 15    Whittier's affidavit, signed March 9, 2019, averred he and defendant worked together doing home repairs while "employed sporadically by Willie James Mangum." In November 2014, Mangum died. The affidavit averred Whittier and defendant were working together at a residence located at "93rd & Woodlawn in Chicago, Illinois on July 28th, July 29th, and July 30th in the year 2008 from 7:00 p.m. to 11 p.m." Defendant remained within Whittier's eyesight "during the aforementioned times and dates as [they] worked together." Whittier did not come forward with this information sooner because he "lost contact with [defendant] in the

month of Augusy [*sic*] 2008," and had no knowledge of defendant's arrest and subsequent incarceration prior to December 2018.

¶ 16        Defendant also attached his own affidavit to the motion. Defendant's affidavit, signed March 20, 2019, averred he worked with Whittier doing home repairs in Chicago, Illinois, throughout 2007 and 2008. The affidavit averred police confiscated certain items from defendant upon his arrest in September 2008, including his cellular telephone. Defendant's cellular telephone contained Whittier and Mangum's phone numbers. Following his incarceration, defendant was informed if he wanted to maintain possession of the confiscated items, he had 30 days to mail them to an address of his choosing, otherwise the items would be destroyed. Defendant "allowed correctional officers to destroy [his] cellular telephone and [his] other personal property." The affidavit also averred defendant did not inform his trial counsel of Whittier's or Mangum's testimony because he "could not have provided [his] trial counsel with the contact information for the two potential alibi witnesses."

¶ 17        The trial court denied defendant leave to file his successive postconviction petition and found defendant failed to offer any plausible explanation as to how, with due diligence, he was unable to develop or discover Whittier's testimony prior to trial. The court stated further:

> "Petitioner cannot claim that he was unaware of Robert Whittier as a potential
> witness when both the affiant and petitioner agree to what amounts to an alibi for
> petitioner, *i.e.* affiant was with petitioner while the crime was taking place
> elsewhere. Petitioner's explanation for why he was unable to provide any
> information to his attorney about this alibi witness—that petitioner had no
> 'contact' information—falls woefully short of due diligence. Even if [defendant]

did not know the address or telephone number for Mr. Whittier, he had his name which he could have provided to counsel who then could have attempted to locate the witness ***."

¶ 18 This appeal followed. OSAD, appointed counsel for defendant on appeal, filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law, citing *People v. Johnson*, 192 Ill. 2d 202, 735 N.E.2d 577 (2000), *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d 655, and *People v. White*, 2020 IL App (4th) 160793, 153 N.E.3d 1084.

¶ 19                                    II. ANALYSIS

¶ 20 On appeal, OSAD asserts no colorable argument can be made suggesting the trial court erred in denying defendant's motion for leave to file a successive postconviction petition. We agree.

¶ 21 The Act (725 ILCS 5/122-1 *et seq.* (West 2018)) is not a substitute for an appeal but provides a statutory mechanism for criminal defendants to collaterally attack a conviction resulting from an alleged substantial denial of their constitutional rights at trial. *People v. Robinson*, 2020 IL 123849, ¶ 42. Given its collateral nature, "only one postconviction proceeding is contemplated under the Act." *Id.* An exception to the bar against successive petitions, relevant to the instant appeal, "is where the [defendant] asserts a fundamental miscarriage of justice based on actual innocence." *Id.* To make such an assertion, the defendant must first obtain leave of court. *Id.* ¶ 43. At this initial pleading stage, all well-pleaded allegations in the petition and attached affidavits not positively rebutted by the record must be accepted as true. *Id.* ¶ 45. "[L]eave to file a successive petition should be denied only where it is clear from a review of the petition and supporting documentation that, as a matter of law, the petition cannot set forth a colorable claim of actual innocence." *Id.* ¶ 44.

¶ 22        To set forth a colorable claim of actual innocence, "the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial." *Id.* ¶ 47 (citing *People v. Edwards*, 2012 IL 111711, ¶ 32, 969 N.E.2d 829). "Newly discovered evidence is evidence that was unavailable at trial and could not have been discovered sooner through due diligence." *People v. Harris*, 206 Ill. 2d 293, 301, 794 N.E.2d 181, 187 (2002). Material evidence is evidence that "is relevant and probative of the [defendant's] innocence"; noncumulative evidence is evidence that "adds to what the jury heard." *People v. Coleman*, 2013 IL 113307, ¶ 96, 996 N.E.2d 617. "Lastly, the conclusive character element refers to evidence that, when considered along with the trial evidence, would probably lead to a different result." *Robinson*, 2020 IL 123849, ¶ 47. This court reviews *de novo* the denial of leave to file a successive postconviction petition alleging actual innocence. *Id.* ¶ 40.

¶ 23        Here, defendant has failed to set forth a viable claim of actual innocence, where defendant could have told trial counsel about his alibi, and through due diligence, counsel could have discovered the potential alibi witness who was with defendant at the time the offenses occurred. Defendant concedes he did not disclose the name of his potential alibi witness to trial counsel. The only explanation defendant offers as to why counsel would not have been able to locate the affiant sooner with due diligence is because defendant could not provide Whittier's contact information. Yet defendant "allowed correctional officers to destroy [his] cellular telephone," which contained Whittier's contact information, and despite knowing Whittier would have provided exonerating testimony. Defendant knew the name of his potential alibi witness prior to trial and, as OSAD points out, "the exercise of due diligence would have included [defendant] providing counsel with this information so that counsel could investigate the alibi."

¶ 24    Accordingly, because defendant has failed, as a matter of law, to sufficiently plead facts demonstrating the affidavit attached to his motion for leave could not have been discovered sooner through due diligence, we cannot characterize his proposed evidence as newly discovered, and we agree with OSAD no colorable argument can be made suggesting the trial court erred in denying defendant's motion for leave to file a successive postconviction petition.

¶ 25                    III. CONCLUSION

¶ 26    For the reasons stated, we grant OSAD's motion for leave to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 27    Affirmed.