NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200265-U

NO. 4-20-0265

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JAMES RAY MANUEL, | ) | No. 10CF1156 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court properly denied
defendant's motion for leave to file a successive postconviction petition where he
failed to demonstrate cause and prejudice.

¶ 2    Defendant, James Ray Manuel, appeals from the denial of his motion for leave to

file a successive postconviction petition. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    This court has set forth the underlying facts of this case several times. See *People

v. Manuel*, 2021 IL App (4th) 190238-U; *People v. Manuel*, 2019 IL App (4th) 170651-U;

*People v. Manuel*, 2013 IL App (4th) 120017-U. Accordingly, we will set forth only those facts

necessary to resolve the issue presented in this case.

¶ 5        In December 2010, defendant and his codefendant were charged with home invasion while armed with a firearm (720 ILCS 5/12-11(a)(3) (West 2008)) and armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)). The State alleged the offenses occurred on July 29, 2008, when defendant was 19 years old.

¶ 6        In September 2011, a consolidated bench trial was held, and defendant was convicted of the charged offenses and sentenced to two concurrently imposed terms of 45 years' imprisonment to be served at 50% with day-for-day good-conduct credit. See 730 ILCS 5/3-6-3(a)(2.1) (West 2008) ("For all offenses, other than those enumerated *** a prisoner who is serving a term of imprisonment shall receive one day of sentence credit for each day of his or her sentence of imprisonment."). On appeal, this court affirmed defendant's conviction. See *Manuel*, 2013 IL App (4th) 120017-U.

¶ 7        In June 2014, defendant filed a *pro se* postconviction petition alleging (1) ineffective assistance of trial counsel for failing to conduct a pretrial investigation to obtain business records from a tattoo parlor to demonstrate the victim described an assailant other than defendant; (2) he was denied a fair trial when the State failed to provide the defense a written statement identifying the tattoo on the forearm of the assailant; and (3) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness on direct appeal.

¶ 8        In August 2014, the trial court dismissed defendant's *pro se* petition as frivolous and patently without merit. Defendant appealed, and this court reversed the trial court's summary dismissal and remanded the case for second-stage postconviction proceedings. See *Manuel*, 2015 IL App (4th) 140744-U.

¶ 9        In February 2017, appointed counsel filed an amended postconviction petition. Defendant argued his trial counsel was ineffective for failing to (1) investigate the tattoo on his

forearm and (2) present evidence it was his codefendant who wore gold-rimmed glasses to rebut the victim's testimony the individual with the tattoo wore gold-rimmed glasses. Defendant also argued his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness, asserting trial counsel failed to (1) "continuously object" to the State's late disclosure of the victim's statement the tattoo was on defendant's left arm and (2) use the improperly admitted evidence to impeach the witness's credibility.

¶ 10        In May 2017, the State filed a motion to dismiss, and following an August 2017 evidentiary hearing, the trial court denied defendant postconviction relief. Defendant appealed, and this court affirmed. See *Manuel*, 2019 IL App (4th) 170651-U.

¶ 11        In March 2019, defendant filed a *pro se* motion for leave to file a successive postconviction petition. Defendant attached his proposed petition, raising a claim of actual innocence based on newly discovered evidence in the form of an affidavit from one alibi witness, Robert Whittier. The trial court denied defendant leave to file his successive postconviction petition, finding defendant failed to offer any plausible explanation as to how, with due diligence, he was unable to develop or discover Whittier's testimony prior to trial. Defendant appealed, and this court affirmed. See *Manuel*, 2021 IL App (4th) 190238-U.

¶ 12        In May 2020, while the prior appeal was pending, defendant filed the instant motion—a second motion for leave to file a successive postconviction petition. Defendant contended his 45-year sentence, a *de facto* life sentence, violated the proportionate penalties clause of the Illinois Constitution as applied to him as he was 19 years old when he committed the offenses. Defendant cited *People v. Buffer*, 2019 IL 122327, and *People v. House*, 2019 IL App (1st) 110580-B, as cause for his omission of the claim in his prior postconviction petitions. Defendant argued he was prejudiced where "there is a reasonable probability that [defendant]

would have received a shorter sentence had the trial court correctly applied the sentencing considerations required by [*Miller v. Alabama*, 567 U.S. 460 (2012)] and *People v. Buffer*, 2019 IL 122327." Defendant attached to his motion his proposed successive postconviction petition, further arguing his proportionate penalties claim.

¶ 13    The trial court denied defendant leave to file his successive postconviction petition, finding defendant had failed to demonstrate cause as, at the time he filed his original petition, "the proposition that a defendant's youth is pertinent to sentencing was well established." Thus, the argument would have been available to defendant at trial and on direct appeal. The court found defendant's reliance on *House* was misplaced, as defendant "allege[d] few, if any, facts in support of his claim that his own immaturity or circumstances support his argument that his sentence violates the proportionate penalties clause." Finally, the court stated it "did take into account both [defendant's] age and rehabilitative potential" at sentencing.

¶ 14    This appeal followed.

¶ 15    II. ANALYSIS

¶ 16    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Act contemplates the filing of only a single postconviction petition, and any claim not raised in the original postconviction petition is forfeited. *People v. Holman*, 2017 IL 120665, ¶ 25, 91 N.E.3d 849 (citing 725 ILCS 5/122-3 (West 2010)).

¶ 17    The statutory bar against a successive postconviction petition will be relaxed only where a defendant sets forth a colorable claim of actual innocence or shows cause and prejudice

for failure to raise an alleged constitutional claim in an earlier petition. *Id.* ¶ 26. Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[ ]conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2020). A defendant demonstrates prejudice by showing the "claim not raised during his or her initial post[ ]conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* § 122-1(f)(2).

¶ 18     On July 29, 2021, two days after the State filed its brief in this case, the Illinois Supreme Court issued its opinion in *People v. Dorsey*, 2021 IL 123010. In *Dorsey*, the defendant appealed from the First District's judgment affirming the denial of the defendant's motion for leave to file a successive postconviction petition. *Id.* ¶ 28. As relevant to this case, the defendant argued his aggregate sentence of 76 years in prison for crimes committed when he was 14 years old violated the proportionate penalties clause of the Illinois Constitution as applied to him. *Id.* ¶¶ 4, 19, 67. The supreme court determined, in part, eligibility for sentencing credit is relevant to the determination of whether a juvenile defendant has been sentenced to a *de facto* life sentence—*i.e.*, a sentence over 40 years. *Id.* ¶¶ 46, 64. The supreme court found under the Illinois good-conduct scheme, "[a] defendant (1) must be awarded day-for-day credit, (2) is entitled to keep it as long as it is not revoked because he commits a disciplinary offense, (3) is afforded procedures that protect against arbitrary revocation of credit, and (4) may enforce constitutional protections through judicial review." *Id.* ¶ 60. The day-for-day credit therefore provides a defendant "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) *Id.* ¶ 64. The defendant's sentence in *Dorsey* offered the opportunity for release after he served 38 years and thus was not a *de facto* life sentence. *Id.*

¶ 19    In his reply brief, defendant acknowledges under the Illinois Supreme Court's decision in *Dorsey*, he no longer has an arguable claim his sentence was a *de facto* life sentence subject to an as-applied constitutional challenge. Defendant's 54-year sentence, with day-for-day credit, allows defendant a meaningful opportunity for release after serving 27 years. We accept defendant's concession and find he cannot demonstrate cause and prejudice in light of the supreme court's decision in *Dorsey*. We therefore affirm the trial court's dismissal of defendant's motion for leave to file a successive postconviction petition.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the trial court's judgment.

¶ 22    Affirmed.