IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 19, 2024

## CHRISTOPHER MATTHEW TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 118462      Hector Sanchez, Judge**

_____

**No. E2024-00343-CCA-R3-PC**

_____

In 2021, the Petitioner, Christopher Matthew Taylor, pled guilty to the offense of unlawful possession of a weapon by a convicted felon. The trial court sentenced the Petitioner to a term of six years and placed him on probation. After his suspended sentence was revoked, the Petitioner filed a petition for post-conviction relief in April 2023, alleging that his original plea was not knowingly and voluntarily entered and that he was denied the effective assistance of counsel. After a hearing, the post-conviction court dismissed the petition as untimely, and the Petitioner appealed. Upon our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JOHN W. CAMPBELL, SR., J., joined.

Holly K. Nehls, Knoxville, Tennessee, for the appellant, Christopher Matthew Taylor.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General, and J. Katie Neff, Assistant Attorney General; Charme P. Allen, District Attorney General; and Sean D. Bright, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In January 2021, the Petitioner pled guilty to the offense of unlawful possession of a weapon by a convicted felon. Following a sentencing hearing conducted on April 7, 2021, the trial court sentenced him to a term of six years, consecutive to a previous sentence. The trial court suspended the sentence and placed the Petitioner on probation. The judgment was entered on May 4, 2021.

Some ten months later, in March 2022, the trial court revoked the Petitioner's suspended sentence and ordered that he serve the sentence in custody. A year after that, on April 24, 2023, the Petitioner requested copies of his guilty plea agreement, the judgment sheets, and the transcripts from his guilty plea hearing. The trial court appointed original plea counsel in August and later ordered a substitution of counsel in November 2023.

On December 13, 2023, the Petitioner filed a pleading entitled, "Amended Petition for Relief from Conviction or Sentence."[1] The Petitioner sought to set aside his original plea, asserting that it was not a knowing and voluntary plea and that he was denied the effective assistance of counsel. The Petitioner acknowledged that his petition was untimely but insisted that the late filing was due to his lawyer not responding to his attempted contacts.

### A.    HEARING ON THE TIMELINESS OF THE PETITION

The State requested that the post-conviction court summarily dismiss the petition as untimely. The court declined the request and convened a preliminary hearing on March 1, 2024, to consider the petition's timeliness. During this hearing, the Petitioner presented no witnesses or evidence apart from his own testimony.

In his testimony, the Petitioner stated that before his incarceration, he contacted plea counsel once and was asked to call back. When the Petitioner called back, he had to leave a message and received no response. The Petitioner said that after his incarceration, he made repeated attempts to contact plea counsel, including sending multiple letters and

---

[1]    The Petitioner asserts that his original pro se petition was filed on April 24, 2023. However, if this petition exists, it is not contained in the appellate record. The only documents in the appellate record bearing this date stamp are the Petitioner's request for transcripts and a motion to proceed in forma pauperis. That said, at the later hearing, counsel for both parties represented, and the post-conviction court found, that the Petitioner filed his pro se petition for post-conviction relief on April 24, 2023.

making phone calls, but received no response. The Petitioner confirmed that he attempted to request his "file" directly from the court in April 2023.

On cross-examination, the Petitioner admitted that he did not speak with plea counsel about setting aside the guilty pleas when he was released into the community following the original plea. He also confirmed that he took no action seeking post-conviction relief while he was on probation or while he was in custody awaiting his revocation hearing. The Petitioner gave equivocal testimony about whether plea counsel represented him after the original plea. He suggested that he did not know that plea counsel no longer represented him after the sentencing hearing. He also said that he believed plea counsel would handle the necessary legal actions, including filing for post-conviction relief.

## B.   ORDER DISMISSING THE PETITION AS UNTIMELY

Upon the conclusion of the hearing, the post-conviction court granted the State's motion to dismiss. The court found that the post-conviction petition was filed after the statute of limitations expired. It also addressed whether principles of due process tolled the running of the statute of limitations, observing that the Petitioner was required to show that he diligently pursued his rights and that an extraordinary circumstance prevented a timely filing.

The court recognized that the Petitioner raised a "good argument" that plea counsel effectively abandoned the Petitioner, and it gave "that factor a little bit more weight and benefit of the [Petitioner]." However, the court also concluded that the Petitioner did not show that he diligently pursued his rights to file a timely petition. In particular, the post-conviction court observed that the Petitioner's "pursuit [of post-conviction relief] was essentially after he was revoked to serve, and nothing was done while he was on the street[.]" As such, the post-conviction court dismissed the petition after finding that the Petitioner failed to satisfy both prongs necessary for due process to toll the statute of limitations. The Petitioner then filed a timely notice of appeal.

## STANDARDS OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the issue is whether the post-conviction petition was timely filed within the one-year statute of limitations and, if not, whether principles of due process tolled the running of the statute of limitations. The first question is one of law that we review under a de novo standard of review. *See, e.g.*, *McCoy v. State*, No. W2019-00574-

3

CCA-R3-PC, 2020 WL 1227304, at *1 (Tenn. Crim. App. Mar. 11, 2020), *no perm. app. filed*. The second question is a mixed question of law and fact that is also subject to de novo review. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013).

## ANALYSIS

The Tennessee Post-Conviction Procedure Act ("the Act") provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. *Id.* § 40-30-110(f) (2018). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

### A.    POST-CONVICTION STATUTE OF LIMITATIONS

In a case where a defendant does not appeal the original judgment, a petition for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final[.]" Tenn. Code Ann. § 40-30-102(a) (2018). Our supreme court has recognized that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001), *abrogated on other grounds by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013). Indeed, the Act expressly provides that "the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). Importantly, "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004) (citing Tenn. Code Ann. § 40-30-102(b)), *perm. app. denied* (Tenn. June 1, 2004).

Where an appeal is not taken, a judgment becomes final thirty days after it is filed by the court clerk. *See State v. Cook*, No. W2022-01534-CCA-R3-CD, 2024 WL 638764, at *3 (Tenn. Crim. App. Feb. 15, 2024) (citing *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007)), *perm. app. denied* (Tenn. Aug. 14, 2024). The judgment in this case was filed on May 4, 2021, and it became final on June 3, 2021. As such, the post-conviction petition in this case could have been filed in a timely manner if it had been filed on or before June 3, 2022. *See Purcell v. State*, No. E2021-00996-CCA-R3-PC, 2022 WL 2718658, at *4 (Tenn. Crim. App. July 13, 2022), *perm. app. denied* (Tenn. Dec. 19, 2022).

4

Although the original post-conviction petition is not contained in the appellate record, the post-conviction court found that it was filed on April 24, 2023. As such, the petition is untimely on its face, having been filed some 325 days after the statute of limitations expired.

## B.     DUE PROCESS TOLLING OF THE STATUTE OF LIMITATIONS

### 1.     Showings Required

No party disputes that the petition is untimely. Instead, the parties disagree as to whether principles of due process toll the running of the statute of limitations. If a defendant has "been deprived by his counsel of a reasonable opportunity to seek post-conviction relief, due process considerations may have tolled the limitations period during this time when the appellee was unable to seek such relief." *Williams v. State*, 44 S.W.3d 464, 465 (Tenn. 2001). As such, "a post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). Of course, "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original).

"The post-conviction petitioner bears the burden of pleading and proving that the statute of limitations should be tolled on due process grounds." *Morris v. State*, No. M2022-00926-CCA-R3-PC, 2023 WL 3912895, at *6 (Tenn. Crim. App. June 9, 2023) (citation and internal quotation marks omitted), *no perm. app. filed*. Such proof must be by clear and convincing evidence. *Foster v. State*, No. E2022-00787-CCA-R3-PC, 2023 WL 3295683, at *3 (Tenn. Crim. App. May 8, 2023) (citing *Reid v. State*, 197 S.W.3d 694, 705 (Tenn. 2006)), *perm. app. denied* (Tenn. Sept. 11, 2023); *see also Baker v. State*, No. E2023-01155-CCA-R3-PC, 2024 WL 1787781, at *3 (Tenn. Crim. App. Apr. 25, 2024) ("It is a post-conviction petitioner's burden to prove by clear and convincing evidence that the petitioner is entitled to due process tolling of the statute of limitations."), *no perm. app. filed*.

## 2. Petitioner's Diligence in Pursuing Rights

In addressing whether the Petitioner diligently pursued his rights to file a timely petition, the post-conviction court made express findings and concluded that the Petitioner had not acted diligently. On our de novo review, we agree.

Our supreme court has recognized that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Bush*, 428 S.W.3d at 22. In this case, the Petitioner testified during the hearing that he took no action to seek post-conviction relief for the first eleven months following his sentencing while he was on probation or in custody awaiting his revocation hearing. Although he spoke with plea counsel once during this time, he confirmed on cross-examination that he did not discuss setting aside the guilty pleas before his revocation in March 2022. The Petitioner also agreed that he took no action to file a post-conviction petition on his own during this time either. Indeed, even after his probation was revoked in March 2022, the Petitioner did not file a pro se petition until over a year later. *Cf. Holland v. Florida*, 560 U.S. 631, 653 (2010) (finding diligent efforts to warrant equitable tolling when "the very day that [the petitioner] discovered that his AEDPA clock had expired due to [his lawyer's] failings, [the petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court.").

To be clear, principles of due process do not spare a post-conviction petitioner from the consequences of dilatory conduct. *See Sample v. State*, 82 S.W.3d 267, 284 (Tenn. 2002) (Barker, J., concurring); *State v. Copeland*, No. M2017-02427-CCA- R3-CD, 2019 WL 4795457, at *3 (Tenn. Crim. App. Oct. 1, 2019) ("A petitioner can waive his/her right to due process tolling by being dilatory in presenting a claim for post-conviction relief[.]"), *perm. app. denied* (Tenn. Feb. 19, 2020). For eleven months after he was released on probation into the community, the Petitioner was seemingly unconcerned about the validity of a plea that allowed him to be out of custody. This is simply not a case in which the Petitioner was denied an opportunity to seek post-conviction relief "at a meaningful time and in a meaningful manner." *Buford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *Alexander v. State*, No. W2022-01552-CCA-R3-PC, 2023 WL 5202416, at *3 (Tenn. Crim. App. Aug. 14, 2023) (denying due process tolling and recognizing, in part, that "Petitioner could have filed a post-conviction petition challenging his counsel's representation at sentencing prior to his violation of probation proceedings or, for that matter, while it was pending."), *no perm. app. filed*.

In pressing his argument to the contrary, the Petitioner argues that his diligence is shown by his efforts to contact his plea counsel after he was incarcerated. For two reasons, we respectfully disagree.

6

First, the Petitioner did not identify the substance of his post-revocation communications with plea counsel. He did not produce copies of his correspondence or discuss their contents at the hearing. However, unless the alleged communications related to vacating his original plea—as opposed to seeking an appeal of his revocation, for example—his attempted contact with plea counsel does not show that he acted with reasonable diligence in seeking post-conviction relief. *Cf. Gonzalez v. State*, No. M2013-01341-CCA-R3-PC, 2014 WL 806269, at *5 (Tenn. Crim. App. Feb. 28, 2014) (declining to find due process tolling when the petitioner's alleged communications for a "postconviction form" related to an appeal of the probation revocation and not to a challenge of the original guilty plea), *no perm. app. filed*. The undefined nature of the alleged contacts with plea counsel falls far short of the clear and convincing evidence required to toll the statute of limitations.

Second, the Petitioner did not specify *when* he contacted his plea counsel. Because he testified that he contacted his plea counsel only once before his probation revocation in March 2022, all other attempts must have occurred after that time. Yet, the record provides no timeline for these contacts over the next thirteen months, and no evidence shows that any attempted contact occurred before the statute of limitations expired on June 3, 2022. The Petitioner's vague and ambiguous testimony about his attempts to contact plea counsel again falls short of the clear and convincing evidence required to show that he pursued his rights diligently.

Our supreme court has cautioned that the threshold for obtaining due process tolling "is very high, lest the exceptions swallow the rule." *Bush*, 428 S.W.3d at 22 (cleaned up). As such, due process tolling "must be reserved for those *rare instances* where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whitehead*, 402 S.W.3d at 631-32 (citation omitted and emphasis added). Because this is not one of those rare cases, we respectfully conclude that the Petitioner is not entitled to relief.

## CONCLUSION

In summary, we hold that the Petitioner filed his post-conviction petition beyond the statute of limitations and that due process principles did not toll the limitations period. We respectfully affirm the judgment of the post-conviction court dismissing the petition.

_____
TOM GREENHOLTZ, JUDGE